MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
DOCK REDUS.

Decided April 12, 1909.

**1.—Stare Decisis—Judgment on Former Appeal.**

Questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed even if they appear to be erroneous. The rule applies with peculiar force to the Courts of Civil Appeals of this State, and applies when on a second appeal the facts are substantially the same as they were on the first, or when they do not materially affect the application of the law as announced.

**2.—Charge—Construction.**

The charge of the court, including the special charges given, must be considered as a whole and with reference to its application to the pleadings and evidence in order to determine whether a particular part thereof was misleading or erroneous.

**3.—Same—Clerical Error—Contributory Negligence.**

Where, in an action by a passenger for personal injuries alleged to have been inflicted by the negligence of the carrier, the undisputed fact was that he was not at Greenville when he alighted and was injured in attempting to again reenter the train, and the case was tried by both parties and submitted by the court on this theory, an instruction on contributory negligence requiring the jury to find whether an ordinarily prudent person would have discovered that he was at Greenville before leaving the train, could not have misled the jury, the omission of the word "not" being a mere clerical error, and the issue being properly submitted in a special charge given at request of the complaining party.

**4.—Damages—Verdict—Personal Injuries.**

Where the plaintiff was 55 years of age at the time of his injury with a life expectancy of 18½ years; was earning from $2.50 to $3.50 per day at his trade as a carpenter; and it appeared that his leg was crushed and amputated and as a result his capacity as a carpenter was practically destroyed; and that he was confined to his bed four months and suffered great mental and physical pain, a verdict awarding him the sum of ten thousand dollars, could not be held excessive, in the absence of anything to indicate that the jury were influenced by improper motives.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*Jno. T. Craddock* (*Coke, Miller & Coke,* of counsel), for appellant.

*Looney & Clark,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action brought by the appellee against appellant to recover damages for personal injuries alleged to have been sustained by him at Royse, Texas, while traveling

as a passenger on one of appellant's trains from Dallas to Greenville, Texas. The defendant answered by a general demurrer, a general denial and, specially, that appellee's injuries were caused and proximately contributed to by appellee's own negligence in that he negligently alighted from the train at Royse without appellant's knowledge on the side thereof opposite from the depot and platform provided for the use of passengers; that at the time he so alighted from the train he was intoxicated, or partially so, from the voluntary use of intoxicating liquors; that being in such condition caused or contributed to cause him to alight from the train at Royse and on the side thereof opposite from the depot platform, and caused or contributed to cause him to fall underneath the wheels of the car and receive the injuries of which he complains. The case was tried before the court and jury March 13, 1908, resulting in a verdict and judgment in favor of plaintiff for the sum of $10,000, and the defendant appealed.

. The evidence warrants the following conclusions of fact: Appellee was a carpenter and had been at work in Dallas. His home was in Greenville, and about nine o'clock on the night of June 24, 1905, he purchased a ticket from appellant's agent at Dallas and took passage on one of its passenger trains for Greenville. Shortly after leaving Dallas the conductor or auditor on the train took up appellee's ticket and placed in his hat a white slip of paper or pasteboard used to indicate the station to which appellee was destined. The color of the slip of paper or pasteboard selected by the conductor or auditor on the night in question to indicate Greenville as the place of destination of the passenger was green and by mistake he placed in appellee's hat a white slip, the white slip indicating Royse, a station between Dallas and Greenville, as his destination. After appellee's ticket was taken up he fell asleep, and when the train reached Royse one of defendant's employes on the train awakened him and told him in effect that he had reached his destination and to get off the train. Believing that he had reached Greenville, appellee hurriedly left the car, and seeing the gates or way open on both sides of the car platform got off the train on the opposite side from the depot house and platform. Previous to this appellee had made frequent trips from Dallas to Greenville, traveling on defendant's railroad, and was in the habit of getting off the train at Greenville on the side thereof opposite the depot and platform, which was a safe place to alight, and it was the custom for other passengers to do likewise. The depot and platform at Royse are on the same side of the railroad track that the depot and platform are at Greenville. Almost immediately after alighting from the train at Royse and just as the train was leaving that station, moving slowly, appellee discovered that the place was not Greenville, and then attempted to get back on the train, with a grip in his hand, when he stepped upon or caught his foot in a roughly cut or jagged piece of iron lying on the ground near the railroad track, which caused him to stumble and fall, so that his right foot and leg went on the railroad track and were run over and crushed in such manner as to necessitate the amputation of the leg between the knee joint and hip. Appellant was negligent in permit-

ting the piece of iron upon which the plaintiff stumbled, or in which he caught his foot, to remain and be upon the ground near its track; in placing in plaintiff's hat a wrong and misleading conductor's check that indicated that plaintiff's destination was Royse instead of Greenville, and in telling him he had reached his destination and to get off when the train arrived at Royse. The negligence of defendant's servants as indicated was the proximate cause of plaintiff's injuries and he was not guilty of contributory negligence.

Appellant's assignments of error from the first to the eighth, inclusive, and the eleventh and twelfth, complain of the fifth paragraph of the court's general charge and the refusal of certain special instructions requested by it. The paragraph of the court's charge here objected to is that portion of the charge wherein the jury were instructed that if they found the facts as therein grouped to exist to find for the plaintiff, and the several special charges related to the different phases of contributory negligence on the part of the plaintiff as contended for by the defendant. The tenth assignment of error complains of the court's refusal to give a special charge asked by defendant to the effect that defendant had constructed a platform for the use of passengers in getting off of trains at Royse on the south side of its main track, and the evidence was not sufficient to show such use of the premises on the opposite side as required of defendant any duty to keep the same free from obstructions, etc.; and the thirteenth, fourteenth and fifteenth assignments charge that, for the several reasons therein stated, the court erred in overruling defendant's motion for a new trial. These assignments will be overruled. There is enough in the record before us to show, or from which it may be fairly inferred, that the questions raised by said assignments and propositions thereunder were, upon pleadings and evidence in all respects substantially the same as the pleadings and evidence upon which the judgment from which the present appeal is prosecuted was rendered, decided adversely to appellant by the Court of Civil Appeals for the Third District on a former appeal of this case. (Missouri, K. & T. Ry. Co. v. Redus, 48 Texas Civ. App., 322.) The general rule of *stare decisis,* which is invoked by appellee in reply to these assignments, is stated by Mr. Wells in his work on *res adjudicata* and *stare decisis* thus: "It is a well settled principle that questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed even if they appear to be erroneous." In the case of Frankland v. Cassaday, 62 Texas, 418, after careful consideration and a review of many of the authorities upon the subject, it was held that the rule should be applied when on the second appeal the facts are substantially the same as they were on the first, or rather when they do not materially affect the application of the law as announced; that only in exceptional cases will the Supreme Court overrule decisions previously made in the same cause on a former appeal. That the rule applies with peculiar force to the Courts of Civil Appeals of this State is affirmed by the case of Missouri, K. & T. Ry. Co. v. Belew, 26 Texas Civ. App., 8. That was a case in which the question

presented had been decided against the appellant on a former appeal by the Court of Civil Appeals for the Second District, and Judge Gill, of the First District, on a second appeal of the case, speaking for the court, says: "Should we, after a thorough review of the authorities, reach a conclusion different from that announced on the former appeal, it would necessitate a reversal of the judgment. The trial court at the next trial would be governed by our opinion. The next appeal would be to the Court of Civil Appeals of the Second District and that court might adhere to their first conclusion. That course would result in another reversal and thus the case would be tossed from one court to another and a final adjudication indefinitely postponed." That such consequences might probably follow a failure to apply the rule by the Courts of Civil Appeals of this State, under our present judiciary system, and that they should be avoided can not well be denied. We conclude that this appeal presents a proper case for the application of the rule discussed and invoked by appellee in disposing of the assignments under consideration, and that without regard to what our conclusion might have been upon the questions involved in the assignments as original propositions, we should be governed by the decision on the former appeal. We do not, however, desire to be understood as questioning the correctness of that decision. On the contrary, we think it is clearly right. But, however that may be, we are of opinion, after a careful consideration of the several assignments mentioned and the evidence as it appears on the present appeal, that the court did not err in any of the rulings complained of in said assignments.

Appellant's ninth assignment of error complains of the following paragraph of the court's charge, viz.: "If, however, you believe from the evidence that the plaintiff was not directed or caused to leave the train at Royse by any train employe of the defendant, or if you believe that he was caused to leave the train by reason of the negligence, if any, of the defendant's train employes, yet if you find from the evidence that an ordinarily prudent person would have discovered that he was at Greenville before leaving said train; or his attempt to reboard said train at the time, in the manner and under the circumstances in which he did, constituted contributory negligence on his part that proximately caused or contributed to his injury; or if you believe that at the time the plaintiff attempted to reboard the moving train (if he did so attempt) he was intoxicated and was encumbered with a grip in his hand, and that this condition and manner, if you so find, in which he attempted to get aboard said train was negligence on his part and that such negligence caused or contributed to his injury, then, or in either event, you should find for the defendant."

The objections to this paragraph of the charge are: (1) That it is erroneous, misleading and confusing in that it submits to the jury whether or not under the circumstances in which appellee alighted from the train a person of ordinary care would have discovered that he was at Greenville, whereas the question at issue was not whether such a person would have discovered that he was *at* Greenville, but

whether or not such a person would have discovered that he was *not* at Greenville; (2) that it was in conflict with and contradictory of the special charge given at the request of appellant to the effect that if the jury believed appellee was intoxicated he would not have alighted from the train at Royse or that but for such intoxication he would have discovered that he was not at Greenville before alighting, to find for appellant. We think it manifest from the evidence and other portions of the court's general charge and special charges given at appellant's request, that the omission of the word "not" before the words "at Greenville" in this paragraph, was a mere clerical error and did not mislead the jury to appellant's injury. It is well understood that the charge of the court, which includes the general and special charges given, is to be considered as a whole and with reference to its application to the pleadings and evidence. There was no evidence to authorize the submission of the issue whether or not appellee discovered he was at Greenville. It was undisputed that he was not at Greenville when he alighted from the train, but that he was at Royse. This was the theory upon which the case was tried by both parties and upon which it was submitted to the jury, and they must have understood that the court intended to instruct them that if they believed plaintiff was caused to leave the train by reason of the negligence of defendant's employes, and that an ordinarily prudent person would have discovered that he was not at Greenville before leaving the train, to find for defendant. Special charge No. seven, given at the defendant's request, instructed the jury that if plaintiff was intoxicated or partially intoxicated, and that but for such intoxication he would not have alighted from the train at Royse, or if he was intoxicated or partially intoxicated and was aroused by the auditor and told that that was his station and to get off, yet, if but for such intoxication of the plaintiff he would have discovered that he was *not* at Greenville before alighting, to find for defendant. Again, by special charge No. 18, requested by defendant, they were instructed as follows: "If you believe from the evidence that plaintiff got off the train at Royse, and that after he got off of it, if he did, that the train remained standing at the depot a time reasonably sufficient for a person of ordinary prudence after discovering that the train was not at Greenville, to have reboarded the train while it was standing, and if you believe from the evidence that plaintiff was guilty of negligence in not reboarding the train before it started to moving out of the station at Royse, and that such negligence caused or contributed to cause the plaintiff's injuries, you will find for the defendant." These special charges seem to bear directly on the particular phases of contributory negligence, especially, if not exclusively, relied on by appellant, and which were evidently intended to be covered by that paragraph of the general charge of which appellant complains. Hence, the error in the general charge was cured by the special charges or they so minimized such error that it is not at all probable that the jury was misled by it. In East Line & R. R. Ry. Co. v. Smith, 65 Texas, 167, Judge Stayton said: "The charge must be taken as a whole in order to determine whether or

not it was erroneous or misleading, and it must be construed in the light of the issues made by the pleadings and evidence." Again, in Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 3, he says: "If we consider only detached portions of the charge given, they might be held objectionable; but a charge can not be so considered. The whole charge must be looked to and, if taken all together, it correctly gives the law applicable to the case and there be nothing in it calculated to mislead, it is sufficient." In Kauffman & Runge v. Babcock, 67 Texas, 243, it is said: "The appellants complain that the charge of the court in one part of it authorized the jury to find exemplary damages though there was probable cause for suing out the writ; and in another part authorized such finding if there was no probable cause, though no malice was made to appear. The main charge taken alone may be susceptible of this construction, but the instructions given at the request of the appellants cured all errors in this respect. In these the jury was instructed, in effect, that malice and probable cause must both appear, to entitle the plaintiff to a verdict for exemplary damages." We conclude there was no such error in the charge complained of or such conflict between it and the special charge given at appellant's request as would authorize a reversal of the case.

Nor do we think the verdict excessive. The plaintiff was a carpenter by trade and, although 55 years of age at the time injured, he was healthy and strong and earning from $2.50 to $3.50 per day. His right leg was crushed and amputated, and as a result thereof his capacity as a carpenter was practically destroyed. He was confined to his bed four or five months and has suffered great mental and physical pain. His life expectancy was 18½ years and there is nothing in the record to indicate that the jury was influenced by any improper motive.

The evidence supports the verdict, and finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In appellant's motion for a rehearing we are asked, in effect, to correct our conclusions of fact, "that shortly after leaving Dallas the conductor or auditor on the train took up the appellee's ticket and placed in his hat a white slip of paper or pasteboard used to indicate the station to which the appellee was destined," and that "after appellee's ticket was taken up he fell asleep and when the train reached Royse one of defendant's employes on the train awakened him and told him in effect that he had reached his destination and to get off the train," and to find definitely that it was the auditor on the train who did those things. In deference to the request we do not hesitate to say that the testimony warrants such finding; but whether the check was placed in appellee's hat and he was aroused and the statement referred to made to him by the conductor, auditor or some other employe of appellant assisting in the operation of the train is, in our opinion, immaterial in so far as a determination of the legal questions involved is concerned. With respect to the grounds of

the motion for a rehearing it is sufficient to state that we see no good reason to change our views as to the law applicable to the facts of the case, and said motion is overruled.

*Overruled.*

Writ of error refused.