**WALKER et al. v. GORDON, SEWALL & CO., Inc., et al. (No. 1204.)**

(Court of Civil Appeals of Texas. Beaumont. July 16, 1925. Rehearing Denied Oct. 14, 1925.)

**1. Appeal and error ☞1202—After judgment of Court of Civil Appeals, trial court cannot retry issues determined by such judgment.**

Judgment of Court of Civil Appeals with instructions determining rights of parties as to ownership of land is conclusive and binding on trial court, which is not permitted to reopen case for adjudicating the issue of ownership of any land involved in the former controversy.

**2. Appeal and error ☞1195(1)—Refusal to eliminate tracts from homestead not error, where ownership of such tracts concluded by previous appeal.**

Where, after remand, trial court designated homestead rights of defendants, its refusal to eliminate certain tracts claimed not to be owned by defendants was not error, where ownership of such tracts was concluded by judgment of the Court of Civil Appeals on a previous appeal.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Suit by Gordon, Sewall & Company, Inc., and others against G. D. Walker and another. From a judgment designating defendants' homestead, they appeal. Affirmed.

McCall & Crawford, of Conroe, for appellants.

A. L. Kayser and W. N. Foster, both of Conroe, Boyles, Brown & Scott, of Houston, and C. D. Krause, of La Grange, for appellees.

HIGHTOWER, C. J. This is the second time this controversy has reached this court. Our disposition of the former appeal will be found reported in 258 S. W. 233. In that opinion will be found a very full and clear statement of the nature of the suit, the contentions of the parties, and this court's disposition of them. After the judgment of this court reversing the judgment of the trial court and remanding the cause with specific instructions had become final and mandate duly filed in the trial court, the defendants G. D. and C. E. Walker, on August 7, 1924, filed in the trial court their written request praying that court to proceed to designate by judgment and decree 200 acres of land out of the tracts involved as a homestead for each of them, and having due regard for their existing improvements and the instructions of this court.

They alleged, however, that this could not be done, unless the trial court would eliminate and leave out of consideration two of the tracts of land involved in the controversy, aggregating 178 acres. These two tracts are designated in the record, as they were in the record on the former appeal, as tracts Nos. 3 and 8. Both of these tracts have been involved in the controversy ever since its inception, and have been specifically claimed by defendants as their property throughout this controversy until their request herein for designation was filed. In this case, however, the defendants informed the trial court for the first time that they were not the owners of tracts Nos. 3 and 8, or either of them, and never had been, and that they had claimed them throughout this controversy by mistake. They alleged and stated to the court that these two tracts are and have been for many years owned by other persons who have been in actual and adverse possession of them for a period of time ranging from 6 to 30 years.

Defendants thereupon prayed the court to proceed to hear evidence and thereupon determine and designate their respective homesteads, eliminating and leaving out of consideration in doing so tracts Nos. 3 and 8. Two of the plaintiffs, the John Schumacher State Bank of La Grange, Tex., and Gordon, Sewall & Co., interposed a general demurrer and several special exceptions, general denial, plea of estoppel, and res adjudicata.

By the special exceptions, without stating in detail the grounds thereof, these plaintiffs questioned and denied the right of defendants to have the trial court designate homesteads for them, without taking into consideration in doing so tracts Nos. 3 and 8, which

were involved in the former judgment of the trial court, as well as in the former judgment of this court. · These exceptions were sustained by the trial court, and it refused to proceed to hear evidence, and thereupon determine and designate homesteads for .the defendants, without taking into consideration tracts Nos. 3 and 8. The trial court in so ruling held that it was bound by the instructions contained in the judgment of this court on reversal of the former judgment, and that, if it should proceed to designate homesteads for defendants without considering, in doing so, tracts Nos. 3 and 8, aggregating 178 acres of land, such action would be a material disregard of the judgment and instructions of this court. We think the trial court was correct in this ruling.

[1] The rights of the parties to this controversy, both legal and equitable, were declared and adjusted by the judgment of this court on the former appeal upon a record which involved the 178 acres of land in the aggregate that the defendants would now eliminate from this controversy, and in doing so this court sustained the contention of defendants then being asserted that they were the owners of this 178 acres of land together with 10 other tracts involved in the controversy and claimed by them. Our directions to the trial court, as contained in the judgment, were based upon the facts underlying the contentions as shown as they then claimed them to be, and we think that it was not permissible, in the proceeding now invoked, to re-open for adjudication by the trial court of an issue of ownership as to any tract of land involved in the controversy upon which this court's judgment was based. On the contrary, the judgment of this court on the former appeal became the law of the case, and the instructions of this court to the trial court, based upon the facts of that record, were conclusive and binding upon the trial court. Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684, and authorities therein cited.

[2] After the trial court had sustained the special exception of the plaintiffs, it offered to permit defendants to proceed with the hearing of their request for designation of their homesteads, but stated to them that the court would not eliminate from its consideration in doing so the 178 acres of land contained in tracts 3 and 8. Defendants thereupon declined the offer, and the trial court proceeded to designate for defendants each a homestead of 200 acres, having regard for their improvements. G. D. Walker's homestead, as designated, was 200 acres, including his improvements on the Statts tract mentioned in our ·former opinion, and the homestead of C. E. Walker was designated by giving him the remainder of the Statts tract, including his improvements and making up his complement by awarding to him tract No. 3, containing 100 acres and 11½ acres de-

scribed by metes and bounds in tract No. 8. There is no complaint by G. D. Walker as to his designation, nor is there any contention by C. E. Walker that the 200 acres designated as his homestead was not a fair and reasonable designation, except as to his contention that no part of tract No. 3 or tract No. 8 was owned by either of the defendants, and this contention, we hold, was cut off and precluded by the judgment of this court on the former appeal. The trial court's judgment must be affirmed.