**DAVIS et al. v. COX et al. (No. 3005.)**

Court of Civil Appeals of Texas. Amarillo. March 7, 1928.

Rehearing Denied April 4, 1928.

**1. Judgment ⚖➔443(1)—Allegations of petition to annul judgment that petitioners believed, and understood that parties tacitly agreed, that trial would remain in abeyance pending subsequent suit against alleged real party in interest, held insufficient (District and County Court Rule No. 47).**

Allegations of plaintiff's petition to annul judgment for defendants that petitioners assumed and believed, and understood that parties tacitly agreed, that trial would remain in abeyance pending disposition of subsequent suit against alleged real party in interest in federal court, to which it was removed, *held* insufficient to show any equitable grounds for relief, where it was not alleged nor shown that defendants, court, or opposing counsel were responsible for such belief and defendants were not parties to

second suit; tacit agreement not being oral stipulation, enforceable under District and County Court Rule No. 47, if undisputed.

**2. Judgment ⚖➔443(1)—Fraudulent assertion of cross-action would be intrinsic fraud not authorizing annulment of judgment.**

Fraud, if any, in assertion of defendants' rights by cross-action, is intrinsic fraud, for which no relief can be granted plaintiffs in action to annul judgment for defendants.

**3. Attorney and client ⚖➔104—Notice of cross-action given attorneys still representing plaintiffs so far as defendants and court knew must be taken as notice to plaintiffs.**

Notice of cross-action, given to plaintiffs' attorneys of record, who were still representing them, so far as trial court and defendants knew, when they stated that they declined to prosecute action further and took bill of exceptions to court's action in trying case after refusing motion for nonsuit, must be taken as notice to plaintiffs, thereby negativing charge of fraud in asserting cross-action.

**4. Judgment ⚖➔436—Litigants must exercise diligence respecting litigation.**

Litigants must exercise diligence in respect to pending litigation.

**5. Process ⚖➔4—Plaintiff is charged with knowledge of all proceedings, including cross-action.**

Plaintiff is charged with knowledge of all proceedings in case, including cross-action filed against him by defendant.

**6. Judgment ⚖➔276—Proceeding to judgment without notice is not fraud, in absence of law or agreement requiring notice.**

It is not fraud to proceed to judgment in regular way, though without notice to adverse party, if there be no law or agreement requiring notice.

**7. Judgment ⚖➔435—Mistake, without inexcusable negligence or fraud of adversary, whereby no trial was had, is not ground for equitable relief against judgment.**

Mistake, unaccompanied by inexcusable negligence or fraud of opposite party, whereby trial has not been had, is not ground for equitable relief against judgment.

**8. Judgment ⚖➔435—Plaintiffs' misapprehension as to whether case would be tried does not warrant annulment of judgment, unless court or defendants were responsible.**

That plaintiffs were under some misapprehension with reference to whether case would be tried is not sufficient ground for annulment of judgment, unless it appears that court or defendants were in some measure responsible for such false impression.

**9. Judgment ⚖➔460(3)—Petition to annul judgment must specifically aver that petitioner was not at fault or exercised due diligence.**

Petition, complaint, or moving paper, in suit to annul judgment, must show, not generally or inferentially, but by specific averments, that applicant was not at fault, or that he exercised due diligence and vigilance.

---

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Judgment ☞460(3)—Petitioner for annulment of judgment must show facts excusing prima facie negligence.**

If prima facie case of negligence appears, petitioner for annulment of judgment must show facts excusing such negligence.

**11. Judgment ☞436—Plaintiffs' discharge of attorneys on false assumption that trial would remain in abeyance pending subsequent action held negligence precluding equitable relief against judgment.**

Plaintiffs' discharge of their attorneys on assumption and belief, not induced by defendants, that trial would remain in abeyance until issues were determined in second action to which defendants were not parties, against alleged real party in interest, *held* negligence precluding equitable relief against judgment for defendants.

**12. Attorney and client ☞76(2)—Litigant whose attorney dies, withdraws, or is discharged must engage another promptly on discovering facts.**

A litigant, unless he means to try his own case, must retain an attorney practicing in particular court, see that such attorney understands and accepts retainer, and, if he dies, withdraws, or is discharged, promptly engage another attorney, unless excused by ignorance of facts requiring it, in which case he must act promptly on discovering facts.

**13. Appeal and error ☞1097(5), 1195(1)—Court of Civil Appeals' judgment of affirmance, not reversed by Supreme Court, is law of case in trial court and, on appeal from judgment denying annulment of judgment, affirmed.**

Court of Civil Appeals' judgment, not reversed by Supreme Court, affirming judgment on verdict for defendants in their cross-action, is law of case both in trial court and on appeal from judgment against plaintiffs in suit to annul prior judgment.

**14. Judgment ☞448—Plaintiffs not moving for new trial, nor to arrest or set aside judgment, during term, on grounds urged in annulment proceedings, but prosecuting writ of error, elected between inconsistent remedies, and are not entitled to relief.**

Plaintiffs not moving for new trial, nor making any effort to arrest or set aside judgment during term, which might have continued in session for over six weeks, on grounds urged in subsequent annulment proceedings, though presenting bill of exceptions five days after judgment, but prosecuting writ of error to Court of Civil Appeals, which affirmed judgment, elected between inconsistent remedies, and hence were not entitled to relief prayed.

**15. Pleading ☞108—Plea of inexcusable negligence in discharging attorneys on false assumption that case would not be tried pending second suit may be plea in bar, though called plea in abatement.**

Plea of plaintiffs' inexcusable negligence in discharging their attorneys on false assumption that case would not be tried pending determination of issues in second suit against alleged real party in interest may properly be a plea in bar, though denominated a plea in abatement.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Suit by W. F. Davis and others against P. B. Cox and others, in which defendants Cox and another filed a cross-action. Judgment for defendants and cross-complainants, and plaintiffs appeal. Affirmed.

Templeton & Templeton, of Fort Worth, for appellants.

T. R. Boone and Chas. I. Francis, both of Wichita Falls, for appellees.

HALL, C. J. On August 30, 1924, appellant Davis, J. P. Howe, and H. C. Meier filed a suit in the district court of Wichita county, against the Wichita State Bank & Trust Company and P. B. Cox and I. W. Keyes, to recover the sum of $1,870. That suit was based upon a contract of settlement entered into by the parties to a certain litigation, under the terms of which contract $10,000 was deposited with I. W. Keyes, as trustee, charged with the payment of certain bills and expenses mentioned in the contract.

The plaintiffs allege that Keyes breached his trust and sought to recover from Keyes and Cox the $1,870, which they allege defendants had misapplied.

Cox and Keyes answered in that case, and by cross-action sought to recover attorney's fees and trustee's fees alleged to be due them, growing out of the matters and connected with the contract declared upon in plaintiffs' petition.

There was a trial on the 13th day of March, 1925, resulting in a judgment that plaintiffs, the appellants in this action, take nothing by their suit against the defendants, and that Keyes recover of plaintiffs the sum of $500 as trustee's fees; and that Cox and Keyes, as attorneys, recover attorney's fees in the sum of $2,000.

From that judgment, a writ of error was sued out, and under the orders of the Supreme Court equalizing the dockets of the Courts of Civil Appeals, it found its way into this court, where the judgment below was reformed and affirmed on May 19, 1926. For a fuller statement of the nature and result of the suit and the holding of this court upon the issues involved, reference is made to the report of the case in Davis v. Wichita State Bank & Trust Co., 286 S. W. 584.

After the writ of error proceedings had been prosecuted by the appellants and the judgment had been affirmed and application for writ of error dismissed by the Supreme Court on November 10, 1926, and after mandate from this court had been issued to the trial court, an execution was issued, based upon the judgment, and an attempt was be-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing made to collect the amount due. In order to prevent the enforcement of the judgment, the appellants filed their petition in the district court of Wichita county, in which the former judgment was rendered, praying for an injunction and for the purpose of canceling and annulling said judgment.

To this petition, the appellees Cox and Keyes answered by what is termed a plea in abatement and by general demurrer. Evidence was heard upon the plea, and the court sustained the general demurrer and also the plea in abatement, and, the appellants refusing to amend, judgment was entered against them; hence this appeal.

[1] Because appellants attack the judgment of the court in sustaining the general demurrer to the petition, it is proper that the allegations upon which plaintiffs base their prayer for relief be set out in this opinion. The petition, omitting the formal parts, is as follows:

"Heretofore, on, to wit, the 30th day of August, 1924, the above-named plaintiffs filed in the Eighty-Ninth district court of Wichita county, Tex., their suit against the above-named defendants, to recover of and from said defendants, jointly and severally, the sum of, to wit, $1,870, the nature of which suit and the facts upon which it was based are shown by the plaintiff's original petition filed in said cause, a true copy of which is made a part of this petition for the purpose of showing the nature of said suit and the matters involved therein.

"Soon after said suit was instituted, it was transferred to the Seventy-Eighth district court of Wichita county, Tex., for trial, where it remained on the docket and undisposed of for several months. Said suit was, in truth and in fact, instituted by said plaintiffs for the use and benefit of the Orient Petroleum Company, a corporation which was interested in the trust fund involved in said litigation. But by some oversight in bringing said suit, this fact was not stated in the petition therein filed.

"While said suit was pending, and before it had ever come to trial, another and independent suit was instituted in Eighty-Ninth district court of Wichita county, Tex., against said Orient Petroleum Company, by the Wichita State Bank & Trust Company, of Wichita county, Tex., which suit involved substantially in part the same matters which were involved in the suit above referred to. Said suit so instituted against said Orient Petroleum Company was thereafter removed to the federal court for trial, where it is still pending and undisposed of—all of which facts these plaintiffs charge and believe were well known to the defendants herein.

"After the institution and removal of said second suit to the federal court, these plaintiffs assumed and believed, and, as they understood, it was tacitly agreed by all the parties connected with the suit first above referred to, that the matters in issue in said cause would be determined in the second action, and that until this was done the prosecution of the first action would remain in abeyance. Acting upon this assumption and belief, these plaintiffs set-

tled with their attorneys who had originally instituted said suit for these plaintiffs against said defendants, and they were discharged as such attorneys, and thereafter they had no authority to act for plaintiffs in said action. Up to this time one of the defendants, I. W. Keyes, had not been, as these plaintiffs are informed and believe, served with citation, and the cause was not then ready for trial on its merits.

"The plaintiffs, J. P. Howe and H. C. Meier, are nonresidents of the state of Texas, and they had no personal knowledge of the progress of said litigation; but the plaintiff W. F. Davis was acting for them as well as himself in bringing and prosecuting said action. The plaintiff W. F. Davis himself was engaged in business, and was out of the state of Texas for considerable portion of his time; and, believing that said cause so instituted by plaintiffs against said defendants was to remain in abeyance until the case in the federal court had been tried, he did not give said case in said Seventy-Eighth district court that attention which he otherwise would have done.

"Thereafter, on, to wit, the 24th day of February, 1925, the defendants P. B. Cox and I. W. Keyes filed in said cause their cross-bill, wherein they set up and claimed for the first time that these plaintiffs were indebted to them for attorneys' fees as alleged and set out in their cross-bill, a true copy of which is hereto attached marked Exhibit B, and is made a part of this petition, which exhibit is here referred to in explanation of their claim for such attorneys' fees.

"Plaintiffs aver that no such services were ever rendered by said defendants to these plaintiffs; that said defendants were never employed by these plaintiffs in any capacity whatever; and that plaintiffs never owed them any amount for any such services or for any other claim or demand. They further aver that the identical services for which the said defendants sought and recovered judgment against these plaintiffs in their cross-action were rendered during the years 1920 and 1921, in the foreclosure suit of the Wichita State Bank & Trust Company v. Newtex Refining Company et al., and that said services were rendered to and for the Wichita State Bank & Trust Company, plaintiffs in said suit, wherein this plaintiff, W. F. Davis, was not a party and not interested, but wherein the plaintiffs J. P. Howe and H. C. Meier were defendants; that the fees owing to said attorneys for the services so rendered to said Wichita State Bank & Trust Company, in the sum of $3,241.66, which fees were agreed upon, were fully paid, and said claim for attorney's fees was fully discharged on May 31, 1921. During the months of January to July, inclusive, of the year 1925, the plaintiffs were absent from the state of Texas practically all of the time, and the defendants herein, Cox and Keyes, well knowing that the plaintiffs were absent from the state most of the time, fraudulently asserted their cross-action against these plaintiffs, as stated in their cross-bill filed in said cause, and, taking advantage of plaintiffs' absence and their ignorance of such claim, filed said cross-action and soon thereafter demanded a trial thereof without giving these plaintiffs any notice that such claim was being asserted against them.

"Plaintiffs say that they had no reason to suspect that any such claim would be made

against them, and that they knew nothing of it until long after the judgment herein complained of was rendered against them, and after the term of court at which said judgment was rendered had expired. They say that they made no defense to such claim and cross-action, because they knew nothing of it.

"Notwithstanding such facts, which were well known to said defendants, they thereafter, on, to wit: the 13th day of March, 1925, said defendants Cox and Keyes, as plaintiffs, are informed and believe, appeared in court and demanded a trial of said cause, which was granted by the court; and upon the trial of said cause, judgment was rendered as shown in a true copy thereof, which is hereto attached and marked Exhibit C, and is made a part hereof.

"Plaintiffs say it is not true that plaintiffs were represented therein by attorneys who appeared and acted for them on the trial of said cause. While it may be true, and probably is, that the attorneys therein referred to may have appeared and acted as plaintiffs' attorneys in said cause, they had no right or authority so to do, since they had never been so employed or authorized by plaintiffs to appear and act for them in said cause; and plaintiffs had no representative, at said trial, who was authorized to appear and act for them.

"Plaintiffs further say that they had no knowledge that any such cross-action had ever been filed against them, or that any judgment had been rendered thereon, until long after said judgment had been rendered, and after the term of court at which it was rendered had closed. When they did learn of the rendition of said judgment, it was then too late to file a motion for a new trial in said cause, or to make up and prepare a proper record therein, but that all they could do was to endeavor to have the cause reversed on a writ of error, which endeavor was unsuccessful, and said judgment was affirmed by the Court of Civil Appeals, and said judgment of affirmance has become final.

"Plaintiffs say that they have a meritorious defense to said action; that the claim on which such judgment is based, as stated above, is wholly unfounded, fictitious, and fraudulent; and that they will be able to show such facts upon a trial if they can have said judgment set aside so that the truth may be shown.

"Plaintiffs say that if they had had any intimation that any such claim was being preferred against them, they would have appeared in said cause and litigated same, but that they were misled by the tacit understanding which they believed existed that no trial was to be had in said cause until after the case in the federal court had been disposed of.

"Notwithstanding the facts above pleaded, the said defendants P. B. Cox and I. W. Keyes have caused to be issued an execution on said judgment to collect the amount thereof, together with costs of suit, and that the sheriff of Wichita county is now threatening to levy said execution upon the property of these plaintiffs for the satisfaction of said judgment against them; and unless restrained by the order of this court from doing so, said sheriff of Wichita county, Tex., will levy said execution on such property, and will cause same to be sold for the satisfaction of said judgment, to the plaintiffs' great and irreparable loss and damage.

"All of which facts these plaintiffs are ready to verify."

It is alleged that while the suit was pending in the district court, another independent suit was instituted against the Orient Petroleum Company, which it is stated was the real party at interest in this suit, and that the other suit involved substantially the same matters, and was thereafter removed to the federal court, where it is still pending; that after the institution and removal of the second suit to the federal court, the appellants assumed and believed, and as they understood, it was tacitly agreed, by all the parties in the first suit, that the matters in issue in said cause would be determined in the second action; and that the trial of the first cause would remain in abeyance pending the disposition of the second one. The allegations are wholly insufficient to show any equitable grounds which the court can consider.

District and county court rule No. 47 provides that:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as a part of the record, or unless it be made in open court and entered of record."

Under this rule, it is held that an oral stipulation will be enforced, provided it is not disputed, but a tacit agreement is not even a stipulation. It is not alleged that either Cox or Keyes said or did anything which induced appellants to believe that they would not insist upon a prompt trial of the first case, nor is it shown that either the court or opposing counsel are responsible for any assumption or belief upon which appellants acted in discharging their counsel as their representative. Nor is it shown that either the court or opposing counsel knew that appellants had discharged their attorneys and were not expecting the case to be tried. No facts are alleged even intimating that appellants' assumption and belief was the result of any fraud or mistake, for which Cox and Keyes are, in any way, responsible.

Appellants had no right to assume that all of the issues involved in the first case could or would be settled by a trial of the second case in the federal court, because Cox and Keyes were not parties to that action, and the rights asserted by them in the first suit could, therefore, not be settled by any judgment rendered in the second case in the federal court.

[2] These allegations show inexcusable negligence on the part of appellant. The allegation in the petition that Cox and Keyes fraudulently asserted their cross-action against plaintiffs is not sustained by the record, since it is shown that their rights were submitted to a jury and upon a trial ripened into a judgment. If it be admitted that the assertion of their rights by a cross-action was

fraudulent, it is intrinsic fraud, for which no relief can be granted appellants in this action. Reed v. Bryant et al. (Tex. Civ. App.) 291 S. W. 605.

[3] So far as the trial court and Cox and Keyes knew, the lawyers of record for appellants were still representing them when they stated that they declined to prosecute the action in behalf of appellants further, and when they took a bill of exception to the court's action in trying the case, after refusing their motion for a nonsuit. So the notice alleged to have been given to their attorneys must be taken as notice to appellants, and the fact that Cox and Keyes gave notice is inconsistent with any charge of fraud.

[4, 5] Litigants must exercise diligence in respect to pending litigation, and the plaintiff is charged with knowledge of all proceedings in the case, including a cross-action filed by the defendant against him, as declared upon the former appeal in this case.

[6] Freeman on Judgments (5th Ed.) p. 2565, states the rule clearly as follows:

"It is not fraud to proceed in the regular way to a judgment, even though, in the absence of and without notice to the adverse party, if there be no law or agreement requiring notice."

[7] Mistake, unaccompanied by inexcusable negligence or fraud of the opposite party, whereby a trial has not been had, is no ground for equitable relief against the judgment. 15 R. C. L. p. 740; St. Paul F. & M. Ins. Co. v. Earnest et al. (Tex. Civ. App.) 293 S. W. 677, and authorities cited.

[8-10] It is not sufficient that appellants were under some misapprehension with reference to whether the case would be tried, unless it appears that either the court or Cox and Keyes are, in some measure, responsible for this false impression. "The petition, complaint or moving paper must show, not generally or inferentially, but by specific averments, that the applicant has not been at fault or that he has exercised due diligence and vigilance. If a prima facie case of negligence appears, there must be a showing of facts excusing such negligence." 34 C. J. 329; Burnley v. Rice et al., 21 Tex. 183; Freeman on Judgments (5th Ed.) p. 2592.

[11, 12] Discharging their attorneys, under the circumstances stated in the petition, shows negligence. The rule is that a litigant "must, unless he means to try his own case, retain an attorney practicing in the particular court, and see that the attorney understands and accepts the retainer, and in case his counsel dies or withdraws, or is discharged from the case, he must promptly engage another, unless excused therefrom by ignorance of the facts requiring it, in which case he must act promptly on discovery of the facts." 34 C. J. p. 306; Barber v. Sager, 141 Ark. 1, 216 S. W. 36.

[13] The cases cited by appellants have no bearing upon the issue presented by the first propositions urged. Whether Cox and Keyes were entitled to recover upon their cross-action is now res judicata. They have, in the case, as evidenced by the judgment now sought to be set aside, established their right to recover, to the satisfaction of the trial judge and jury, and that judgment has been duly affirmed by this court. That decision was not reversed by the Supreme Court and is the law of the case, both in the trial court and on this appeal. M., K. & T. Ry. Co. of Tex. v. Redus, 55 Tex. Civ. App. 205, 118 S. W. 208; Walker v. Gordon, Sewall & Co. (Tex. Civ. App.) 275 S. W. 1093.

As said in Crane v. L. & H. Blum, 56 Tex. 325:

. "The good of society and the preservation of rights and good order require that when once the rights of parties have been determined by the ultimate tribunal provided by law for their adjudication, the same should pass from the field of strife forever: any other rule would fill the court with causes which have once been determined, and render all rights of property uncertain and the most solemn judgments a mockery."

In the case of Long v. Martin (Tex. Civ. App.) 260 S. W. 327, an injunction was applied for, restraining the collection of a judgment upon the ground that it was void, because the petition on which the judgment was rendered set out no cause of action. Judge Boyce held in that case that a final judgment is as conclusive of questions of law litigated as it is on questions of fact, citing, amongst other cases, Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2, and further held that when the judgment of the appellate court had been rendered and became final, it was not open to further question or discussion in the trial courts, and although plainly erroneous in the judgment of those courts, must be accepted as binding and conclusive. Kendall v. Mather, 48 Tex. 585; Walker v. Gordon, Sewall Co. (Tex. Civ. App.) 275 S. W. 1093; M., K. & T. Ry. Co. of Texas v. Redus (Tex. Civ. App.) 118 S. W. 208; Conley v. Anderson (Tex. Sup.) 164 S. W. 985; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 229.

It was also said in the Long v. Martin Case:

"If the losers on appeal were permitted, after resisting the enforcement of the judgment of the appellate court in such manner as to force the other party back into such court, with an application to prohibit interference with the execution of its judgment, to come into the appellate court in response to such application, and, claiming that the whole matter was reopened thereby, seek a rehearing on the merits of the case, they would secure indirectly that which they were not entitled to by an indirect proceeding. Such a course cannot be countenanced. See Lowell v. Ball-Hutchins & Co., 58 Tex. 562, 566; Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684."

[14] This court granted a writ of prohibition in the Long Case, which, in our opinion,

is not as strong as the case at bar. In the instant case, the record shows that five days after the rendition of the judgment, and at the same term of court, the appellants, through their attorneys, presented a bill of exception to the trial judge, which was examined, approved, and ordered filed as part of the record. It is thus seen that the appellants, through their attorneys, did know of the rendition of this judgment during the term, which, according to the statute, might have continued in session more than six weeks after the judgment was rendered. No motion for new trial was filed, nor was any effort made by the appellants to arrest the judgment or set it aside upon the grounds urged in the present proceeding. All of this might have been done. The appellants, however, prosecuted a writ of error to this court, and, as above stated, the judgment was affirmed. They have thereby elected between two inconsistent remedies and have brought themselves within the rule declared by this court in Halbrook v. Quinn, 286 S. W. 954. The appellants vigorously attack the holding in the Halbrook-Quinn Case; but we believe that Judge Boyce correctly decided the question, and we are not prepared to recede from the position there taken.

Under the rule announced in Waggoner et al. v. Knight (Tex. Com. App.) 231 S. W. 357, citing Hermann v. Allen, 103 Tex. 382, 128 S. W. 115, and Trammell v. Rosen, 106 Tex. 132, 156 S. W. 1161, the very issues which appellants seek to inject by this proceeding have been, at least impliedly, decided and finally settled by the judgment which they attack and which was affirmed by this court.

[15] We think the court correctly sustained the demurrer; but in any event the evidence introduced sustains the action of the court upon the plea, which is denominated a plea in abatement, but, which may properly be a plea in bar.

Believing that a correct judgment has been entered, it is affirmed.