## MONTGOMERY v. HUFF. (No. 3109.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 14, 1928.

Rehearing Denied Dec. 5, 1928.

J. A. Lantz and H. O. Williams, both of Wichita Falls, for appellant.

Carrigan, Britain, Morgan & King, E. R. Surles, and H. R. Wilson, all of Wichita Falls, for appellee.

HALL, C. J. On December 2, 1927, R. E. Huff, as one of the defendants in the case of Trueheart v. Montgomery et al., No. 3937 upon the docket of the Thirtieth judicial district court of Wichita county, filed his motion in that case for the purposes of amending and correcting a judgment rendered in that court in 1911, making Mrs. Charlotte V. T. Montgomery, the sole devisee under the last will and testament of her deceased husband, R. E. Montgomery, defendant in the motion.

The substance of the allegations in his motion is: That the above entitled and numbered cause was a suit wherein H. M. Trueheart was plaintiff and R. E. Montgomery and numerous other parties were defendants and John Adriance was intervener. That on the 1st day of March, 1911, in said cause No. 3937, the court entered its interlocutory judgment decreeing that the several parties in said suit had certain interests in numerous town lots in Wichita Falls, described in the judgment. That said judgment recites in part as follows:

"And it further appearing to the court that the plaintiff and intervener and defendant Myles O'Reilly are the owners of an undivided interest in the following described property, to-wit: All that part of Section 15, John A. Scott Survey, in Wichita County, Texas, which lies between the platted lots and blocks in said city on the south side of the Wichita River, and the platted lots and blocks on the north side of said River, as shown by the plat in record book E, page 264, of the Deed Records of said County; excepting, however, only Blocks G. U. F. and FS and Block T, according to said plat as above described; and also excepting the bed of the Wichita River; and that the interest of plaintiff, intervener and defendant Myles O'Reilly therein, is 15/64 of 45 per cent thereof; and that all the remaining interests therein is owned by defendant R. E. Montgomery and that none of the other parties to this suit have any interest therein and that R. E. Huff and W. M. McGregor own Block T on both sides of said River, as shown by the plat above referred to."

Movant further alleges that in said interlocutory order and by subsequent orders said court appointed three commissioners to partition the lands described in the judgment, including the lands described in the paragraph above quoted, among the owners thereof, according to the directions contained in said interlocutory judgment; and, in pursuance of such instructions, said commissioners did proceed to partition and distribute said lands among the several owners thereof and awarded to defendant R. E. Montgomery certain specific lands described in said report; the language of said award, in so far as it is material to this suit, being as follows:

"We find that after setting aside to Myles O'Reilly the lots heretofore sold to him by H. M. Trueheart, that is Blocks E2, V and E, which we have valued at $1,157.00, there is not enough land by $340.82 to vest in R. E. Montgomery his pro-rata part of these blocks, we therefore, set apart to R. E. Montgomery all the remaining block between the platted lots and blocks of section 15, John A. Scott survey on both sides of the Big Wichita River, as shown by a list hereto attached and marked Exhibit H2 for identification and made a part hereof, the same being of the appraised value of $6,600.00."

"That said Exhibit H2 attached to and made a part of said report, reads as follows:

"[Caption.]

"'Land on river front part of Section 15, John A. Scott Survey lying between the platted lots and Blocks on the North and South sides of the Big Wichita River, as shown by plat recorded in Book E, page 264, Deed Records of Wichita County, Texas, excepting Blocks U, G, F and FS and Block T.'"

It is further alleged that thereafter, to wit, on about February 25, 1913, one of the commissioners, by agreement of all parties, filed his supplementary report, supplementing the original report theretofore made by all three commissioners, which original and supplemental reports were referred to in the final decree entered in the partition proceedings.

Movant further alleges: That on or about February 25, 1913, the report of the commissioners in partition, coming on to be heard, together with the supplemental report, the original report as modified by the supplemental report, was, in all things, approved and confirmed, except that all of block T therein referred to was adjudged to R. E. Huff and W. M. McGregor. That, in the portion of said decree adjudging to R. E. Montgomery the property set apart to him by said commissioners, the court, through a clerical error, inadvertently included in the description of the property awarded to Montgomery said block G which was expressly excepted in the interlocutory judgment, from the lands to be partitioned, and was expressly excepted from the lands awarded and set apart to the said Montgomery by said commissioners in their report. That said block G was not included in the lands specifically awarded to Montgomery.

It is further alleged that the court decreed that Montgomery do have and recover of and from the plaintiff, H. M. Trueheart, and intervener, John Adriance, and Myles O'Reilly, and all other defendants in the suit, the following described land, situated in Wichita county:

"All of that land situated in said County being out of Survey No. 15, John A. Scott, which lies between the platted portions of the lots and blocks of the City of Wichita Falls on the south side and the north side of the Wichita River,

which is described by metes and bounds as follows."

The motion then proceeds to describe a tract of land of about 20 acres, which both parties to this proceeding admit includes the south half of block G, lying south of the river, and which is the subject of this controversy.

It is further alleged that the court's judgment recites:

"It is further adjudged and decreed that the title of the said H. M. Trueheart, John Adriance and all the other defendants in this suit, be and is hereby divested out of them and vested in the said R. E. Montgomery."

It is further alleged: That, in the award of the lands set apart to defendant Montgomery by said commissioners as aforesaid, the court, through inadvertence and by reason of a clerical error, apparently included by mistake that portion of block G as shown by a plat filed in the case of Foreman v. Trueheart No. 199 on the docket of the district court of Wichita county, which plat is recorded on the minutes of said court in volume 1, pp. 617–619. That said portion of block. G was expressly excepted from the lands directed to be partitioned by the district court in its interlocutory judgment, and was excepted also from the lands covered by the awards made by the commissioners, and was not included in the lands set apart and awarded by the commissioners to R. E. Montgomery. That it was not the judgment of said court that any other lands than those set apart and awarded to the said Montgomery should be vested in him by virtue of the order of the court confirming and approving the report of the commissioners appointed as aforesaid. That the recitations in said decree, in so far as they purport to award and vest in the said R. E. Montgomery the title to the land which covered and included that portion of block G lying south of the Wichita river, was inconsistent with said interlocutory order and the report of the commissioners, and was not the judgment of this court as actually rendered, but represent a mistake and clerical error in entering the judgment, which was, in fact, rendered by the court. That, at the time of the entering of said judgment, the legal title to that portion of said block G lying south of the Wichita river was vested in the First National Bank of Wichita Falls, but the equitable title thereto was in W. C. Heath, who was not a party to this suit, and in R. E. Huff, each of whom owned an undivided one-half interest therein. That said land was not in litigation in said suit at the time of entering said judgment, and the court in effect rendered no judgment for the title and possession of said land; but, by reason of said mistake and clerical error above referred to, the title of this defendant has been clouded and the said Mrs. Charlotte Montgomery, as the surviving wife and sole devisee of the said R. E. Montgomery, deceased, is claiming an undivided one-half interest in the land last above described, by virtue of the language contained in said final decree of this court, confirming the report of said commissioners as aforesaid, which language, as above stated, was, by reason of such clerical error and mistake, such that the land described as block G was apparently included among the lands by said decree vested in the said R. E. Montgomery. Notwithstanding the fact that the language in said decree was such that the description of the land vested in the said Montgomery apparently included that portion of said block G lying south of the Wichita river, it was not the judgment of this court that said land should vest in and be awarded to said Montgomery. That said decree should be amended and corrected so as to conform to the judgment in fact rendered by the court at that time ratifying and confirming the report of the commissioners.

The prayer is that the said judgment entered in said above entitled and numbered cause on the 25th day of February, 1913, be corrected and judgment nunc pro tunc be entered to conform to the real judgment of the court, so as to show that no disposition was made or sought to be made of the title to that portion of said block G above described, lying south of the Wichita river, and expressly excepting the said land above described from the lands awarded to the said Montgomery.

Mrs. Montgomery filed no answer to this motion.

The court, in vacation, heard the motion and amended the judgment in accordance with the prayer of the movant.

The court filed findings of fact, in substance, as follows:

(1) The interlocutory judgment of March 1, 1911, in cause No. 3937, did not embrace nor include block G of section 15, John A. Scott survey, in Wichita county, as shown by the plat filed in cause No. 199, Foreman v. Trueheart, in the district court of Wichita county, and that said block G was not awarded to R. E. Montgomery by such interlocutory judgment.

(2) Block G was excepted from the report of the commissioners partitioning the land between and among the various parties, and was not dealt with by said commissioners, and was not awarded to R. E. Montgomery as shown by Exhibit H2 attached to the report. Through a clerical error and mistake, the final judgment of February 25, 1913, which is entered in volume 8, pp. 296–300, inclusive, of the minutes of this court, embraces and includes that part of said block G lying south of the Wichita river, in the description of the tract, which by metes and bounds is set apart and decreed to R. E. Montgomery.

(3) That such error and mistake in the

final judgment as entered should be corrected so as to except and exclude therefrom that part of block G lying south of the Wichita river.

(4) I conclude from the foregoing, as a matter of law, that an error and mistake having been made in entering the final judgment of February 25, 1913, and that that part of block G lying south of the Wichita river was embraced in the description of the tract of land awarded to R. E. Montgomery, through mistake and clerical error; that said final judgment as entered should be and the same is hereby corrected so as to conform to and truly set forth the judgment actually rendered by the court, which is to omit and except from the judgment as entered that part and portion of block G lying south of the Wichita river.

From the judgment entered in accordance with the court's findings and conclusions, this appeal is prosecuted.

■■ By the first proposition, the appellant, Mrs. Montgomery, contends that, because no testimony was introduced upon the hearing of appellee's motion, except the pleadings, orders, reports, and decrees, constituting the record proper in the cause, and because such documentary evidence fails to show affirmatively that the court did not, in fact, render the decree which he afterward, in fact, entered on February 25, 1913, the court erred in finding and concluding that a clerical error and mistake was made in the entry of the court's final decree, and that it was by reason of said clerical error that the portion of block G lying south of the Wichita river was included in the lands decreed and adjudged to the defendant Montgomery in said final decree.

By the second proposition, appellant insists that, because the testimony introduced failed to show that a clerical error or mistake, as alleged in appellee's motion, was, in fact, made in entering the final decree, and because it fails to show that the court did not actually render the decree which was entered, the court was not authorized under the statute, articles 2228 or 2229, to enter his order of December 3d, so as to except and exclude block G from the lands theretofore adjudged and decreed to the defendant R. E. Montgomery.

We think these propositions are sound and should be sustained.

The original suit No. 3937, filed in the district court of Wichita county, in which Trueheart was plaintiff, Adriance was intervener, and in which R. E. Montgomery and about thirty other alleged claimants of some of the property described in the petition were defendants, was in the first place an action to partition numerous lots and blocks in the town of Wichita Falls between the various claimants. At the same time, it was a suit between certain parties, plaintiff and defendant, in trespass to try title to block G and certain other property mentioned in the pleadings. As alleged in the motion, the interlocutory order in original cause No. 3937 expressly excluded from partition block G, and under the interlocutory decree the commissioners had no authority to make any disposition of block G and other blocks excepted from their consideration; and, as stated, they did not attempt in their report to set apart block G to any claimant.

■ Appellee Huff submits one counter proposition, as follows:

"The interlocutory decree and the report of the partition commissioners pursuant thereto, being the basis and foundation of the rights of the parties in the property in controversy, and Block G not having been included in the description of the property awarded to R. E. Montgomery by the interlocutory judgment, nor included in the description of the property awarded to him by the commissioners court; a presumption arises that inclusion of Block G in the metes and bounds description of the property awarded to R. E. Montgomery in the final judgment, was an error and a mistake in the entry of such final judgment and in the absence of contrary evidence, the Court was correct in so finding, as a fact, and entering the order correcting such judgment."

■ It is contended under this counter proposition that, in partition suits, an interlocutory order fixing the interests of the several claimants in the property is and must be the basis for the final judgment. The error in this contention is that, the interlocutory decree having expressly excluded block G from the property to be partitioned, and the commissioners having failed to include it in their report, the rule insisted upon has no application. That an action for partition may become or be at the same time also an action in trespass to try title to a part of the property involved was decided in Smith v. Davis, 18 Tex. Civ. App. 563, 47 S. W. 101, and this rule has been recognized several times since that case was decided. It appears from the record in this case that the title to block G was contested in cause No. 3937. The pleadings in that case, introduced in evidence by Mrs. Montgomery, show that title to block G as a part of the Scott survey No. 15 was claimed by plaintiff and intervener and by Montgomery and also by Huff in an answer and cross-action in form of trespass to try title.

Moreover, in a later case filed by W. C. Heath and R. E. Huff, they sought to recover, in trespass to try title, block G from the appellant herein. From a judgment for the plaintiffs, Mrs. Montgomery appealed. The case, by transfer, came to this court, and in March, 1926, we affirmed the judgment. In the opinion in that case, the history of the title claimed by Heath and Huff upon the one part, and Mrs. Montgomery on the other, is set out in detail, and the decrees in cause

No. 3937 were referred to at some length. The opinion recites that Huff was decreed to be the owner of certain lots which he claimed adversely to Trueheart and his codefendants, and, as to him and his property rights, the suit was one in trespass to try title. The judgment rendered by this court in the case of Montgomery v. Heath (Tex. Civ. App.) 283 S. W. 324, was affirmed in part but reversed in so far as the rights of R. E. Huff were determined. In the opinion by Harvey, P. J., in that case, as reported in (Tex. Com. App.) 291 S. W. 855, it is said:

"Huff was not cotenant with Montgomery in any of the lands of which partition was made. Such judgment further decreed that Montgomery should have and recover of the plaintiff, interveners, and all other defendants, including Huff, the said Block G, among other property. This part of the judgment had effect to divest Huff of any title or interest he then held in Block G, and vest it in Montgomery. In short, as between Huff and Montgomery, said judgment [in cause No. 3937]· was not in any respect a judgment in partition, but each adjudication made in the judgment in respect to these two parties, inter se, is directly for the recovery of land. As between such two parties, therefore, said judgment does not have the effect of a partition judgment subjecting each to the warranties imposed by Article 6100 of the Revised Civil Statutes of 1925. However, a part of the judgment had effect, as above stated, to divest Huff of all title held by him in Block G and to vest same in Montgomery."

■ In the opinion delivered by this court in that case, we stated that the record did not disclose when the Victor Milling Company ceased to function, and that, in support of the court's judgment, we must presume that it did not go out of business until after the decree was entered in the partition case of Trueheart v. Montgomery (in cause No. 3937) on February 25, 1913. Judge Harvey held that we were in error in indulging such presumption in Huff's favor, and that Huff, as the plaintiff, had the burden of showing title in him emanating from the Victor Company after a prior judgment had been rendered, and upon that point the judgment of this court was reversed. We are not informed by this record· as to what has been the final result of the litigation as between the parties to that case. But the opinions rendered in that case by this court and by Judge Harvey, speaking for the Commission of Appeals, are called to the attention of this court by appellant, and we can and do take judicial notice of the fact that it has been settled therein that block G was not included in the partition proceedings, but was involved in the trespass to try title part of that action. State v. Savage, 105 Tex. 467, 151 S. W. 530; Edgar v. McDonald (Tex. Civ. App.) 106 S. W. 1135; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Avocato v. Dell'Ara (Tex. Civ. App.) 84 S. W. 444.

■ After the interlocutory judgment was entered in cause No. 3937, Huff had it corrected at that term of the court by a motion, which was granted, vesting the title to block T in him, but making no effort to correct either the interlocutory or final judgment as to block G. Both blocks are platted in the 20-acre tract referred to, which is a part of the Scott survey No. 15, and the two blocks are separated by the railway right of way. Huff is conclusively presumed to have known that block G was included in the land decreed to Montgomery. Montgomery appealed from the judgment rendered in cause No. 3937, and this court, in Montgomery v. Trueheart, 146 S. W. 284, affirmed the judgment. A writ of error was denied by the Supreme Court. Huff did not appeal, nor did he by cross-assignment attempt to correct the error in the judgment with reference to block G.

■■ Since the issue of the ownership of the south half of block G was adjudicated in the trespass to try title in that case and was not involved in the partition proceedings, the action of the court in vesting the title in Montgomery, if error, was a judicial error and not merely clerical. The rule is that judicial errors cannot be corrected at a subsequent term by motions filed under the articles of the statute above mentioned. Pring v. Pratt (Tex. Civ. App.) 1 S.W.(2d) 441; Smallwood v. Love (Tex. Civ. App.) 78 S. W. 400;· Hedgecoxe v. Connor (Tex. Civ. App.) 43 S. W. 322; Perkins v. Dunlavy, 61 Tex. 241; Mansel v. Castles, 93 Tex. 414, 55 S. W. 559; Missouri Pacific Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605;· Milam County v. Robertson, 47 Tex. 222.

In the Pring Case the court said:

"We are of the opinion that the court's action in refusing to give judgment against claimant and his bondsmen was a judicial act on his part, and, while clearly contrary to the statutes, according to his other findings, was such a mistake as could not be corrected by amendment at a subsequent term. If plaintiff was not satisfied with said judgment, his remedy was by prosecuting his appeal therefrom in conformance to his original intention as evidenced by the recitals in the· first judgment."

The Supreme Court said, in Crane v. L. & H. Blum, 56 Tex. 325:

"The good of society and the preservation of rights and good order require that when once the rights of the parties have been determined by the ultimate tribunal provided by law for their adjudication, the same should pass from the field of strife forever; any other rule would fill the court with causes which have once been determined, and render all rights of property uncertain and the most solemn judgments a mockery."

To the same effect is the holding of this court in Davis v. Cox (Tex. Civ. App.) 4 S.W.(2d) 1008; citing M., K. & T. Ry. Co. of Texas v. Redus, 55 Tex. Civ. App. 205, 118 S. W. 208; Walker v. Gordon Sewall & Co. (Tex. Civ. App.) 275 S. W. 1093. Judge Boyce

said, in Long v. Martin, supra, that a final judgment is as conclusive of questions of law litigated as it is of questions of fact, citing, amongst other cases, Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2; and further said that, when the judgment of the appellate court had been rendered and became final, it was not open to further question or discussion in the trial courts, and, although plainly erroneous in the judgment of the court, must be accepted as binding and conclusive, citing additional authorities.

It therefore appears from what has been said, that Huff has not only had his day in court with reference to block G, but has had several days.

The Supreme Court held, in Missouri Pacific Ry. Co. v. Haynes, supra, that, where the error complained of was judicial, parol evidence was not admissible to show how such errors occurred.

After a careful review of all the authorities, we are convinced that the trial court erred in correcting the judgment, and, since *no good purpose can be served in remanding the cause for another trial*, it is ordered that the judgment be reversed and rendered for the appellant, overruling the motion.

Reversed and rendered.