## HUSELBY v. ALLISON et al.
### No. 3357.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1930.

Rehearing Denied March 26, 1930.

Sanders & Scott, of Amarillo, and Kinney & Ritchey, of Miami, for appellant.
Will Crow, of Canadian, for appellees.

HALL, C. J.

On May 1, 1911, J. J. Carr executed and delivered, to the Commonwealth Bonding & Casualty Insurance Co. of Fort Worth, two promissory notes, one for $2.375, due May 1, 1914, and the other for $2,000, due May 1, 1916, both providing for interest and attorney's fees; and at the same time, for the purpose of securing the payment of said notes, executed a deed of trust conveying to John Scharbauer, as trustee, all of section No. 85 in block No. M–1, H. & G. N. Railway Company surveys in Hemphill county. The deed of trust provides that it is given to secure said notes and any further sums of money which may accrue in the future, which shall be payable in Fort Worth, Tex. This instrument was filed for record August 19, 1911.

On January 31, 1917, the receiver, who had been appointed for the Commonwealth Bonding & Casualty Insurance Company, filed suit in the federal court at Forth Worth against Carr to recover upon the notes and foreclose the lien, said cause being numbered 51/20 upon the equity docket of said court. Process was issued for Carr on February 3, 1917, and duly served upon him February 22, 1917.

Immediately prior thereto, on February 1, 1917, Carr and his wife conveyed the land to G. L. Hise for a recited consideration of $9,600, of which sum $2,500 was paid in cash, and the balance of $7,100 was evidenced by one vendor's lien note due October 15, 1922. This deed was not filed for record until January 31, 1919.

On November 7, 1918, Hise and wife conveyed the land to M. H. Allison for the recited consideration of $16,000, of which sum $2,000 was paid in cash, the remainder of the consideration being the assumption by the grantee of the above-described note for $7,100 and the execution and delivery by Allison of five vendor's lien notes, being for the sums of $800, $925, both due January 1, 1920, the remaining three notes being for the sums of $1,725 each, due January 1, 1921, 1922, and 1923, respectively.

On March 1, 1920, Hise transferred and assigned said notes to Henry Hise by written assignment, which was filed for record in Hemphill county on December 28, 1920.

On March 12, 1920, by written assignment, Henry L. Hise transferred notes Nos. 2 and 3 of the series for $925 and $1,725, respectively, to Mark Huselby, the appellant herein. This assignment was filed for record on December 28, 1920.

At the time Huselby purchased these two notes, the deed of trust which Carr had executed to Scharbauer to secure the two notes which Carr owed the Commonwealth Bonding & Casualty Insurance Company was on record in Hemphill county, showing a total indebtedness of principal and interest in the sum of $7,550.85, exclusive of attorney's fees. It appears that, at the time Huselby purchased the two notes executed by Allison to G. L. Hise, the land was incumbered to secure the two notes due the bonding company in the sum of $7,550.85, exclusive of attorney's fees, and the one note for $7,100, which G. L. Hise had executed to Carr and which Allison had assumed at the time of his purchase from G. L. Hise.

On October 20, 1921, Henry L. Hise, by written transfer, assigned note No. 4 of the series executed by Allison, to G. L. Hise, in the sum of $1,725, to J. C. Rawlings.

On February 13, 1922, Mark Huselby filed suit No. 964 in the district court of Wheeler county, against M. H. Allison, Henry L. Hise, B. F. Reid, J. C. Rawlings, and Walter Darlington, to recover the amount of his two notes and foreclose his lien upon the land in question.

On March 21, 1922, Rawlings and Darlington answered in said cause No. 964, and, by way of cross-action, sought to recover against Allison their debt evidenced by note No. 4 of said series and to foreclose the lien on the land. Judgment was rendered in said cause No. 964 in favor of Mark Huselby for his debt and foreclosing his lien on the land, decreeing that it be given preference to the lien of Darlington and Rawlings to secure their note.

On October 19, 1927, Allison and wife executed and delivered a deed of trust to John

M. Arrington, trustee, conveying 440 acres of the section of land in question, for the purpose of securing Mark Huselby in the payment of one note for $4,500 of even date with the deed of trust, which note was payable three years after date. The deed of trust recites that said note was executed by Allison and wife in renewal and extension of the above-mentioned judgment lien indebtedness evidenced by the decree in said cause No. 964.

This suit was instituted by Huselby to recover the amount of said note against Allison and wife and to foreclose the deed of trust lien on the 440 acres of said section 85, and to bar the equity of redemption of the other defendants, Walter Darlington, J. C. Rawlings, and Will Crow, who plaintiff alleges are claiming some interest in the land.

The record further shows that on April 18, 1928, Darlington and Rawlings had an order of sale issued in said cause No. 964 and levied upon the land in question; that the land was sold under said process by the sheriff on June 5, 1928, at which sale Darlington, Rawlings, and Crow became the purchasers for the full amount of the judgment rendered in favor of Darlington and Rawlings in said cause. In pursuance to said sale, on June 5, 1928, the sheriff of Hemphill county executed a sheriff's deed, conveying to said Darlington, Rawlings, and Crow all of said section No. 85.

On July 12, 1928, judgment was rendered in cause No. 51/20 on the equity docket of the federal court at Fort Worth. This cause is styled W. H. Plunkett, Receiver, v. J. J. Carr, and the judgment is in the sum of $13,128, with interest, and forecloses the deed of trust lien upon said section. As above stated, the judgment was rendered upon the two notes which Carr had executed May 1, 1911, to Scharbauer, as trustee for the Commonwealth Bonding & Casualty Insurance Company.

On July 18, 1928, the receiver, who had been appointed by the superior court of Arizona, where the receivership proceedings were pending, assigned said federal court judgment to Will Crow for the sum of $4,125, and on said date said receiver executed the assignment of said judgment to Crow for said consideration.

On April 22, 1929, Crow caused an order of sale to be issued upon said judgment, under which process the land was sold on the 4th day of June, 1929, to Will Crow for the recited consideration of $13,500, this amount being credited on the judgment in said cause No. 51/20. The Marshal's deed conveying said land to Crow bears the same date.

The record shows that Crow bought the interest of Darlington and Rawlings in the land on August 1, 1928, after he had purchased the federal court judgment.

Huselby filed this suit on June 7, 1929, after Crow had purchased the land at United States Marshal's sale on June 4, 1929, praying that his interest be established as a prior lien to any liens, equities, or claims of the defendants or any of them, and that the defendants' equity of redemption be forever barred.

Darlington and Rawlings answered, disclaiming any interest in the subject-matter of the suit, and were dismissed, with their costs.

Will Crow answered, and, by cross-action against the appellant, Huselby, alleged the execution and delivery of the two notes by Carr to the Commonwealth Bonding & Casualty Insurance Company, and the execution of the deed of trust lien to Scharbauer to secure them, and further alleged that said deed of trust was filed August 19, 1911, in Hemphill county; that Carr defaulted in the payment of said notes; that Plunkett, as receiver of the Commonwealth Company, had filed suit No. 51/20 upon the equity docket of the federal court at Fort Worth; that judgment had been rendered therein in favor of the receiver and against Carr for the sum of $13,128 on July 12, 1928; that said judgment had been transferred to Crow for the sum of $4,125; that order of sale had been issued and the property levied upon and sold by the United States Marshal to Crow for $13,500, as evidenced by the Marshal's deed, by reason of which Crow became the owner of the superior title to said land in fee; that Huselby, not being a party to said federal court judgment, was entitled only to exercise his equity of redemption by paying to said Crow the full amount of said judgment. Crow prayed for foreclosure of his judgment lien indebtedness against Huselby, for a sale of the land, and the application of the proceeds to the indebtedness due him.

Huselby filed his first supplemental petition in which he specially pleaded the statutes of limitation, laches, stale demand, and estoppel against the federal court judgment. He alleged that he was a bona fide purchaser, for value, without notice of the suit pending in the federal court at Fort Worth. That no lis pendens notice of said suit had ever been filed in Hemphill county, no extension agreement of the indebtedness had ever been filed there, and no diligence had been exercised in the prosecution of the federal court suit after it was filed, for which reasons the two J. J. Carr notes in favor of the Commonwealth Company were barred by limitation. He further alleged the conveyance of the land by Carr to G. L. Hise February 1, 1917, the conveyance thereof by G. L. Hise to Allison on November 7, 1918,

for the consideration of five vendor's lien notes executed by Allison, the assignment of said five notes by G. L. Hise to Henry L. Hise on March 1, 1920, the assignment by Henry Hise of notes Nos. 2 and 3 of said series to Mark Huselby, with a preference lien securing said notes, the inferiority of the notes held by Darlington and Rawlings, the filing of suit No. 964 by Huselby against Allison et al. in the district court of Wheeler county, the judgment in said cause, decreeing Huselby's lien to be superior to that, of Darlington and Rawlings, the sale of the land to satisfy the indebtedness of Huselby first and Darlington and Rawlings second, the renewal and extension of the indebtedness evidenced by said judgment by Huselby taking a deed of trust from Allison and wife upon 440 acres out of the 640-acre section to secure Allison's note of $4,500, the sale of the land under said judgment in cause No. 964 by Darlington and Rawlings on June 5, 1928, and the purchase thereof at said sale by Darlington, Rawlings, and Crow, that said sale was made subject to Huselby's prior lien on the land, that Crow afterwards purchased the interest of Darlington and Rawlings. He further sets out in detail the purchase of the federal court judgment from the receiver for the sum of only $4,125 paid by Crow, that said purchase was made for the purpose of extinguishing plaintiff Huselby's lien on the land, knowing that it would not sell for enough to satisfy the amount of the federal court judgment.

Huselby further alleges that he never knew anything about the suit pending in the federal court at Fort Worth when he purchased his interest in the land; that he had changed his position in and to his security afforded by the land by taking a deed of trust on 440 acres thereof when he had previously a lien on the entire 640-acre tract, believing that he had a first lien on the land; that Allison was insolvent and a nonresident of the State and he could collect his indebtedness only out of the land.

He pleaded in the alternative that, if for any reason the federal court judgment should be held to be a prior lien, then, and in that event, he be allowed to redeem from Will Crow by paying him the sum of $4,125, which Crow had paid for the federal court judgment. He prayed that the land be ordered sold, that the amount of his indebtedness be first paid, etc.

On August 8, 1929, Crow filed his first supplemental answer, and in addition to a general demurrer, special exceptions, and a general denial, alleged that Huselby bought notes Nos. 2 and 3 of said series of five notes and the lien securing the same with actual and constructive notice of the Commonwealth Bonding & Casualty Insurance Company's rights, title, and interest, as evidenced by the deed of trust lien then on record in Hemphill county; that said suit was filed before the notes upon which it was based were barred by limitation, which said suit had been prosecuted to judgment in due time on July 12, 1928; that no necessity existed for the filing of a lis pendens notice in Hemphill county, because the deed of trust was then on record in said county where the land was situated. Further pleading, he repeats the facts alleged in his original answer and alleges that Huselby had agreed with Carr to purchase the indebtedness of the Commonwealth Bonding & Casualty Insurance Company for the sum of $4,375 and afterwards failed and refused to do so, and for that reason the suit in the federal court had been continued, and that Huselby's agreement with Carr was for the purpose of inducing the receiver to continue said cause so that he (Huselby) could, in the course of time, plead the statutes of limitation, and he was therefore estopped from urging said plea by reason of his false and fraudulent acts.

The case was tried to the court without a jury and resulted in a judgment that Huselby recover of Allison and wife the amount of his debt, as evidenced by the promissory note for $4,500; that Crow's indebtedness, as evidenced by the judgment lien, is $14,933.10, and that said lien be foreclosed as against Huselby and the land sold and the proceeds applied first to the payment of the amount due Crow, the remainder, if any, to be applied to the payment of Huselby's judgment and interest, aggregating, at the time of the judgment $5,843.70, and if, after the payment of said sums and all costs of court, there should remain any of the proceeds in the hands of the sheriff, said balance should be paid to the said Crow. From this judgment Huselby has appealed.

The appellant contends that appellee's claim could not be enforced because of the statute of limitation, insisting that the filing of the suit by the Commonwealth Company against Carr was not tolled by the statute, where it appears that the receiver did not prosecute the action with diligence after the suit was filed. In the same connection it is contended that, even though the filing of the suit had the effect of suspending the running of the statute, the appellee's claim as to appellant's lien was barred under the equitable doctrines of laches, stale demand, and estoppel.

■■ It is true, that the trial court found that the suit in the federal court remained upon the docket for eleven years, which was an unreasonable delay without any excuse and operated to the injury of plaintiff, who was an innocent third party and lienholder. The record fails to show any affirmative fact from which the trial court could conclude that the delay in entering a final judgment

was without excuse. We cannot assent to appellant's contentions with reference to these matters. The institution of the federal court suit had the effect of suspending the running of the statutes, and it was not necessary, in view of the filing of the suit, to renew the lien under R. S. arts. 5521, 5522; Paddock v. Williamson (Tex. Civ. App.) 9 S. W.(2d) 452; Ater v. Knight (Tex. Civ. App.) 218 S. W. 648; Hannaman v. Gordon (Tex. Com. App.) 261 S. W. 1006; Bradford v. Knowles, 86 Tex. 509, 25 S. W. 1117. It is questionable, under the authorities, whether the defense of laches and stale demand applies to this case. Hendricks v. Martin (Tex. Civ. App.) 267 S. W. 1047; New York & Texas Land Co. v. Hyland, 8 Tex. Civ. App. 601, 28 S. W. 206. In view of the fact that the trust deed given by Carr to the Commonwealth Company was on record in Hemphill county, and of the further fact that Henry Hise acquired the five vendor's lien notes from G. L. Hise after their maturity, and appellant subsequently purchased notes 2 and 3 after the first note became due, appellant, under the above authorities, cannot be an innocent purchaser or bona fide holder of the two notes.

The issue before us is not the right of the trial court to dismiss an action because it was not prosecuted with due diligence. No effort was made to have the Commonwealth's suit dismissed in the federal court upon this ground. Every intendment not contradicted by the record must be indulged in favor of the regularity and legality of the judgment of a court of general jurisdiction, especially when attacked collaterally. This rule, in its broadest application, "means that judicial tribunals proceeding within their proper jurisdiction are deemed to have acted rightly, impartially and honestly. The court's action at every stage of the cause from its inception to its final disposition is presumed regular and in accordance with the requirements of justice." 1 Freeman on Judgments (5th Ed.) §§ 373, 387.

The suit against Carr was instituted by the receiver January 31, 1917. Huselby purchased his two notes March 12, 1920, at a time when Carr's deed of trust to Scharbauer, as trustee, was on record in Hemphill county. One of the notes purchased by Huselby was past due at the time he acquired it, and the rule is that, when a party purchases any or all of a series of notes after maturity of one of them so purchased, he must be held to have acquired all of them after maturity. National State Bank v. Ricketts (Tex. Civ. App.) 152 S. W. 646; Harrington v. Claflin, 91 Tex. 294, 42 S. W. 1055. Having acquired his interest after the institution of the suit by the Commonwealth Company in the federal court, Huselby, who was in privity with Carr, his predecessor, is, under the facts, bound by the judgment rendered against Carr in that suit instituted

prior to the time he acquired his interest. Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272; Urban v. Bagby (Tex. Civ. App.) 286 S. W. 519; Id. (Tex. Com. App.) 291 S. W. 537; 1 Freeman on Judgments (5th Ed.) §§ 438, 439.

There has been no attempt to annul and vacate the federal court's judgment by any proceeding in that court. There was no appeal from it, and as a final judgment it is entitled to full faith and credit in the state courts, Edwards v. Smith (Tex. Civ. App.) 137 S. W. 1161, 1163, and is binding upon Carr and all subsequent parties in privity with him. Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122.

The attack upon that judgment and its binding effect in this case is collateral and is an ineffectual attempt to reopen that case and have the state courts declare that, at the time the judgment was entered against Carr, the rights of plaintiff were barred either by the statute of limitations or because of plaintiff's failure to prosecute its action with due diligence under the doctrines of laches and stale demand. Carr made no defense to the merits, and we must presume he had none. As said by the Supreme Court in Crane v. L. & H. Blum, 56 Tex. 325; "The good of society and the preservation of rights and good order require that when once the rights of the parties have been determined by the ultimate tribunal provided by law for their adjudication, the same should pass from the field of strife forever. Any other rule would fill the court with causes which have once been determined, and render all rights of property uncertain and the most solemn judgments a mockery." Montgomery v. Huff (Tex. Civ. App.) 11 S.W.(2d) 237; Davis v. Cox (Tex. Civ. App.) 4 S.W.(2d) 1008. The judgment of the federal court being final, is as conclusive of questions of law as upon questions of fact. Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2. If the federal court judgment was erroneously entered, it is a judicial error which can not be corrected through a collateral attack upon the judgment in this action. Pring v. Pratt (Tex. Civ. App.) 1 S.W.(2d) 441; Perkins v. Dunlavy, 61 Tex. 241; Mansel v. Castles, 93 Tex. 414, 55 S. W. 559; Montgomery v. Huff, supra, and authorities cited.

The question of merger, in our opinion, is not in the case. Merger of estates, as a general rule of the common law, is not favored in equity and will not be decreed in the absence of a showing of intention. Crow testified that he bought the federal court judgment in order to protect the interest acquired by him as against the interest of Huselby. If from all the circumstances, a merger would be disastrous to the party holding both estates, then his intention that it should not result will be presumed. Since

he bought the Carr judgment to protect the interest acquired through Darlington and Rawlings from the prior claim of Huselby, no intention that there should be a merger can be presumed. The fact that appellant's interest has intervened between the purchase by Crow under the execution sale made in pursuance of the judgment in cause No. 964 in the district court of Wheeler county, and the institution of the suit against Carr in the federal court, would of itself prevent a merger. Moreover, appellant is inconsistent, in that he insists that Crow's title deraigned through the Federal Court judgment and sale thereunder is void, and yet at the same time contends that it is an estate capable of being merged with the greater estate. There must be two valid estates existing in the same right in the same party before the law will effect a merger, and, if one is void, the rule does not apply. Holloman v. White, 41 Tex. 52.

Appellant had constructive notice of the Carr deed of trust and testified that he had also heard about the two notes Carr had executed to the Commonwealth Company. He further said he also heard that the transaction was fraudulent. These facts being true, Huselby is in no sense an innocent purchaser, and therefore is in no position to invoke the equity powers of the court.

Other contentions are urged with reference to fraud and the right of Huselby to redeem, which we deem unnecessary to give an extended discussion. Appellant's pleadings nowhere charge Crow with fraud in the acquisition of the federal court judgment and the sale and purchase of the land thereunder.

The court's judgment correctly adjusts the rights and equities of the parties in decreeing that the land be sold, first, under the judgment foreclosing the judgment lien of Crow, and that the proceeds arising from the sale be first applied to the payment of Crow's judgment lien and costs, and that, out of any balance remaining, Huselby should be paid the amount of the judgment in his favor, and the balance, if any, be paid to Crow.

This is exactly in accordance with the procedure prescribed in such cases as announced in O'Brien et al. v. Perkins et al. (Tex. Civ. App.) 276 S. W. 308; Shelton v. O'Brien (Tex. Com. App.) 285 S. W. 260. In that case this court quoted from 2 Jones on Mortgages (7th Ed.) § 1075, (8th Ed.) § 1376, in which it is said that, where a prior lienor forecloses his lien without making a junior incumbrancer a party, and buys in the property at a sale under his judgment, he acquires the mortgagor's equity of redemption as against the junior mortgagee, and, as a holder of the mortgagor's equity of redemption, he is entitled to satisfy the junior mortgagee's equity of redemption by paying the amount of such mortgagee's debt. The appellant insists in this case that, since Crow paid only $4,375 for the Carr judgment, he is entitled to the land by reimbursing Crow in the amount actually paid. This was the contention in the O'Brien Case, and such relief was denied, and it was expressly held by this court and the Supreme Court that the junior mortgagee's rights were limited to having the property again sold and the proceeds applied, first, to the payment of the superior lien, and the balance, if any, applied to the payment of his debt, and having received the full amount of his debt, if anything remained in the hands of the sheriff, the prior lienor would be entitled to such sum, as he stood in the shoes of the mortgagor whose rights he had acquired by his foreclosure sale. The rule is so well settled that no good purpose can be served in further discussing it.

Numerous cross-assignments are briefed by Crow relating to the action of the court in admitting certain testimony. We think these assignments in the main are well taken and account for some of the court's findings of fact based upon the admission of such improper testimony, but, under the view we take of the case, such findings become immaterial, and it is unnecessary for us to discuss the cross-assignments in detail.

Believing that a proper judgment has been rendered, it is affirmed.