**PANHANDLE CONST. CO. et al. v. HEIM et al.**

**No. 4436.**

Court of Civil Appeals of Texas. Amarillo.
June 3, 1935.

Rehearing Denied July 1, 1935.

Robt. A. Sowder, of Lubbock, for appellants.

Clyde F. Elkins, of Lubbock, for appellees.

JACKSON, Justice.

On April 13, 1926, R. W. Heim, in justice court, precinct No. 1, Lubbock county, obtained a judgment against J. L Scott for the sum of $113.35, with interest from the date thereof at the rate of 10 per cent. per annum, together with costs. On July 26th thereafter the judgment was abstracted, and two days later filed, recorded, and indexed on the "Judgment Records" of said county. On that date J. L. Scott was the owner of lot No. 11, block No. 2, of the Elwood Place addition to the city of Lubbock.

March 19, 1929, the city of Lubbock, after complying with the requisite proceedings to fix a lien and the personal liability of the record owner of said lot, for improving the street adjacent thereto, issued to the Panhandle Construction Company, for the pro rata part of such paving, a special assessment certificate for $177.45, payable in six equal installments, evidenced by six coupons, each bearing interest at the rate of 7 per cent. per annum, the first due in ten days and the others due, respectively, one, two, three, four, and five years after date. In 1928, after the judgment lien and the paving lien had attached, the Whaley Lumber Company, a corporation, purchased and became the owner of said lot.

S. H. Scott, the manager of the Whaley Lumber Company, paid to the Panhandle Construction Company the principal and interest as it became due on the first four of said paving coupons, which it transferred and assigned to him, and he thereby became the owner of the legal title to such coupons, with the intention of preserving the paving lien created to secure their payment. He paid the purchase price of said coupons with money of the Whaley Lumber Company, and it became the equitable owner thereof.

On pleadings to which no complaint is urged, the case was tried without the intervention of a jury, and the court found and decreed that the Heim judgment lien constituted a first lien on said lot, directed its sale as under execution, and the proceeds thereof applied, first, to costs of sale, and, second, to the satisfaction of the

Heim debt and judgment lien. The court found that the paving lien was valid, and adjudged that the Panhandle Construction Company recover against the Whaley Lumber Company $69.29, the amount evidenced by the two last paving coupons which it owned, together with à foreclosure of its paving lien, ordered a sale of said lot, subject to the Heim judgment lien, and that the proceeds of such sale, after the Heim debt was satisfied, he applied to the discharge of the claim and lien of said Panhandle Construction Company. He also rendered judgment that S. H. Scott take nothing by his suit.

From this judgment, the Panhandle Construction Company, the Whaley Lumber Company, and S. H. Scott prosecute this appeal.

■ The appellant Panhandle Construction Company challenges as error the action of the court in holding that the Heim judgment lien was first and superior to its paving lien. The paving certificate issued by the city of Lubbock to the Panhandle Construction Company, among other things, provides: "That all proceedings with reference to said improvements and the assessment evidenced hereby have been regularly had in compliance with the law, the charter of said City and the terms of this certificate, and that all prerequisites to the. fixing of the assessment lien against said premises and the personal liability of the owners thereof have been performed. That said improvement has been completed by said Company in compliance with the terms of said 'contract, and was accepted by said City on the 9th day of March, 1929."

Default had been made in the payment of the coupons at the time the suit was instituted.

Article 1105b, § 6, of the Revised Civil Statutes (Vernon's Ann. Civ. St.), among other things provides:

"Any assessment against abutting property shall be a first and prior lien thereon from the date the improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not. The Governing Body shall have power to cause to be issued in the name of the city assignable certificates in evidence of assessments levied declaring the lien upon the property and the liability of the true owner or owners thereof whether correctly named or not, and to fix the terms and conditions of such certificates.

"If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required. In any suit upon any assessment or reassessment in evidence of which a certificate may be issued under the terms of this Act it shall be sufficient to allege the substance of the recitals in such certificate and that such recitals are in fact true, and further allegations with reference to the proceedings relating to such assessment or reassessment shall not be necessary."

.See, also, Farmers' State Bank of Burkburnett v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322. Under the law and the admitted facts, the paving lien was superior to the Heim judgment lien, and the court should have so held.

■ The appellants, the Whaley Lumber Company and S. H. Scott, join in the contention that the court erred in denying S. H. Scott a judgment for $143.15, the amount paid for the four coupons he purchased, and, subject to the lien of the Panhandle Construction Company, a foreclosure of the lien securing the payment thereof. Appellees Heim claim that the paving lien created to secure the payment of the four coupons held by S. H. Scott was canceled by his purchase of said coupons from the · Panhandle Construction Company. The testimony shows that the coupons purchased by S. H. Scott were transferred and assigned to him, no release of the lien securing their payment is shown, and the purchase was made with the intention of preserving said lien. Under these facts, which are uncontroverted, the lien was not canceled. Silliman v. Gammage, 55 Tex. 365; Huselby v. Allison (Tex. Civ. App.) 25 S.W.(2d) 1108; Continental Supply Co. v. Forrest E. Gilmore Co. of Texas (Tex. Civ. App.) 55 S. W.(2d) 622; 32 Tex. Jur. p. 23, § 15; Ormsby v. Ratcliff (Tex. Civ. App.) 22 S. W.(2d) 504; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 551.

The judgment of the trial court is reversed and here rendered, adjudging the Panhandle Construction Company its debt and a first lien, S. H. Scott his debt and a second lien, and the Heims a third lien; that the property be sold and the proceeds applied, first, to the payment of the Panhandle Construction Company; second, to the payment of S. H. Scott; and, third, to the payment of the Heim judgment, principal, interest, and costs.

The cost of this appeal shall be taxed against the Whaley Lumber Company.