**GREAT OIL BASIN SECURITIES CORPORATION, Appellant,**

v.

**UNION NATIONAL BANK OF LITTLE ROCK, ARKANSAS, Appellee.**

**No. 6767.**

Court of Civil Appeals of Texas, El Paso.

March 14, 1979.

Rehearing Denied April 11, 1979.

Smith, Baker, Field & Clifford, Inc., Edward R. Smith, Lubbock, Dean Carlton, Dallas, Max E. Ramsey, Odessa, for appellant.

Griffin Smith, Little Rock, Ark., Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius D. Bunton, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is the third and perhaps final round of a main event which has continued for a period of eight years over a promissory note and deed of trust. The results of the first two rounds are recorded in *McAdoo v. Union National Bank of Little Rock, Arkansas,* 535 F.2d 1050 (8th Cir. 1976), and *McAdoo v. Union National Bank of Little Rock, Arkansas,* 558 F.2d 1313 (8th Cir. 1977). Neither side was a clear winner in the early rounds; thus, each side seeks a final blow that will end the confrontation once and for all. If we were to sustain a plea of limitations as a defense to the note itself, as urged herein, neither the debt, nor the lien given to secure it, could ever be revived from such a blow. But, we do not sustain either that contention or the contention that recovery on the note is barred by the compulsory counterclaim rule. Instead, we give full faith and credit to the judgment entered in the United States District Court in Arkansas and on that basis affirm the summary judgment of the trial Court in this, the third round between the parties.

As noted from the published report of the first round, suit was originally brought in federal court in the Northern District of Texas as a stockholders' derivative action against Great Oil Basin Securities Corporation (GOBSC). Thereafter, Union National Bank of Little Rock, Arkansas was made a third party defendant. Venue requirements resulted in the case being transferred to the Eastern District of Arkansas in January, 1972. That suit sought, insofar as the

Bank was concerned, a declaratory judgment invalidating a promissory note executed by GOBSC in favor of the Bank on August 26, 1969, in the principal sum of $500,000.00 and being payable on or before August 26, 1970. The note was secured by a deed of trust lien on a shopping center in Odessa, Texas. The minority stockholders asserted that the note was invalid because (1) the officers who executed it had no authority to bind the corporation for such a loan; (2) that the loan was usurious, and (3) because of a violation of security laws.

As somewhat of a preliminary to the main event, the Trustee posted notices for sale of the property under the terms of the deed of trust when the note was first in default. Suit was filed in district court in Ector County, Texas, and a temporary injunction granted restraining and enjoining the foreclosure sale. In April, 1972, the attorneys agreed to dismiss without prejudice the litigation pending in Ector County and also agreed that "any foreclosure shall be only by judicial decree in the pending litigation in Little Rock." The case was not dismissed but was in 1978 consolidated with the suit subsequently filed in Ector County in May, 1977.

In the first trial in federal court in February, 1975, the jury found that there was no violation of the securities laws, that the loan was not usurious, and that the officers that executed the note had authority to bind GOBSC in connection with the loan. On February 25, 1975, the trial Court entered findings of fact and order for judgment which recited: "All defenses available to Great Oil Basins Securities Corporation against Union National Bank of Little Rock are concluded by the judgment to be entered herein and the validity and applicability of the note and deed of trust are established in favor of the bank." Judgment was entered for the Bank on the same day decreeing that the note is "a valid obligation" of GOBSC and that the deed of trust was a first lien on the described property and "is enforceable by foreclosure in Texas." Thus, the issue of the "validity" of the note and deed of trust had been decided in favor of the Bank.

On appeal the issues of authority and usury were affirmed, the security law violation was not raised and the Bank had prevailed. But the case was remanded as to the issue of foreclosure with the issue of limitations on the right of foreclosure under Article 5520, Tex.Rev.Civ.Stat.Ann., being recognized as a possible bar to such relief. Apparently at that time no money judgment had been sought and no plea of limitations of the debt itself has ever been raised, although the validity of the note was certainly before the court.

On remand, the trial Court entered a nunc pro tunc judgment decreeing that the note "is a valid obligation" of GOBSC and finding that the unpaid principal of such obligation as of February 27, 1975, was $386,544.16, together with accrued interest in the amount of $33,340.27, and with interest accruing at the rate of $95.31 per day. The judgment further decreed that the deed of trust became a first lien on the property described and that the Bank "have judicial foreclosure on the deed of trust and sale of the real estate to satisfy the obligation as provided by law." By separate order, the case was transferred to the Western District of Texas for implementation of the foreclosure sale.

Back on appeal, the order of transfer was reversed and vacated. But the court in its opinion said:

We have given careful consideration to the contentions of the plaintiffs, and we are convinced that the district court did not err either in 1975 or 1976 in determining that the Great Oil Basin note is a legal and binding obligation of that company and that it is secured by a valid deed of trust on the shopping center in Odessa. We are also satisfied that no error was committed by the district court in 1976 in determining in terms of dollars and cents the amount of Great Oil Basin's obligation, and in decreeing that as of February 27, 1975 the Bank was entitled to judicial foreclosure of its deed of trust in Texas.

In May, 1977, GOBSC filed suit in Ector County seeking again to restrain a foreclo-

sure sale and in such pleading asserted that both the debt and power of sale were barred by limitations. The Bank answered and filed a cross-action seeking a judgment for the amount claimed to be owed to it by GOBSC. The answer to the cross-action alleged the debt was barred by Article 5527, Tex.Rev.Civ.Stat.Ann., among other defenses. It also asserted the Bank was barred from recovery because it had failed to assert a compulsory counterclaim in the first suit in Ector County where the temporary injunction had been originally granted. Both GOBSC and the Bank filed motions for summary judgment. The trial Court granted the Bank's motion and denied the motion of GOBSC. It entered judgment for the sum of $386,544.16 plus interest of $113,226.51, plus a daily accrual of $105.90 until paid, and ordered that execution issue.

By its first and third points of error, the Appellant, GOBSC, asserts that the trial Court erred in granting judgment to the Bank and in denying its motion for summary judgment because the note was barred by the statute of limitations. The note became due and payable on August 26, 1970. The cross-action in this suit seeking judgment for the amount due was filed on August 4, 1977. Of course, this was more than four years after a cause of action on the note accrued, as provided for actions for debt evidenced by a contract in writing. Article 5527, Tex.Rev.Civ.Stat.Ann.

But before we can say the debt is barred, we must look to the prior litigation and determine the effect of the earlier judgments in the federal court in Arkansas. At no time did the Bank seek a money judgment for the amount of the note. Instead, the stockholders and corporation sought a declaratory judgment that the note as originally made was invalid. They lost. Thus, we have a 1975 judgment that the note was valid and that judgment is entitled to full faith and credit. When the judgment was affirmed in part in 1976, the appellate court recognized, but did not decide, the issue of whether foreclosure under the deed of trust was barred by limitations under Article 5520, Tex.Rev.Civ.Stat.Ann.

The nunc pro tunc judgment entered on November 12, 1976, decreed that the note "*is* a valid obligation."[1] In affirming that judgment, in July, 1977, the court of appeals concluded that the Bank "*has* a valid in personam declaratory judgment * *"[2] The trial Court's order providing that: "The substantive rights of the parties have been adjudicated. * * *," was affirmed.

■ Courts do not favor trying cases piecemeal. As noted in 34 Tex.Jur.2d Judgments sec. 501: "A final valid judgment is, subject to certain qualifications, conclusive of every matter that the parties might have litigated and had decided as incident to the subject matter of the litigation, and of every matter coming within the legitimate purview of the original action. This rule applies to both of the parties and covers matters of defense as well as of offense. * * * What the principle actually means is that a judgment is conclusive of all matters, both offensive and defensive, * * * that might have been brought forward for determination by the exercise of reasonable diligence, and that the judgment will operate as an absolute bar to any subsequent suit based on such matters, whether the matters in question were actually presented for adjudication and passed on or not." That same test in Section 502 notes that a defendant is prevented from splitting his defenses, and that if more than one defense is available they must all be presented in the same trial; and if the defendant fails to do so "the judgment will be as conclusive as to the defenses omitted as it is to those actually set up, and preclude the defendant from making any subsequent claim or demand that is founded on an issue that would have been litigated had he properly presented his version of the controversy, * * *."

■ When this case was first tried in February, 1975, the note was more than four years past due. If limitations was a valid defense it could have been asserted in February, 1975, and the case disposed of on that basis. Having tried to avoid liability on some grounds and lost, new and addi-

**1. & 2.** Emphasis added.

tional defenses should not be sustained in a new and different court after the first court declared the obligation to be valid. *Cliett v. Hammonds,* 305 F.2d 565 (5th Cir., 1962). The nunc pro tunc judgment having declared the note a valid obligation as of February 27, 1975, and having determined the amount of principal and interest owed thereon, and that part of the judgment having been affirmed, it is entitled to full faith and credit when sued upon in Texas. *Huselby v. Allison,* 25 S.W.2d 1108 (Tex.Civ. App.—Amarillo 1930, writ dism'd). In that case, the parties in a suit involving promissory notes and a deed of trust had a question raised as to the effect of a judgment on the notes in an earlier federal court case. In disposing of the question as to the effect of that earlier judgment, the court said:

The attack upon that judgment and its binding effect in this case is collateral and is an ineffectual attempt to reopen that case and have the state courts declare that, at the time the judgment was entered against Carr, the rights of plaintiff were barred either by the statute of limitations or because of plaintiff's failure to prosecute its action with due diligence under the doctrines of laches and stale demand. Carr made no defense to the merits, and we must presume he had none. As said by the Supreme Court in *Crane v. L. & H. Blum,* 56 Tex. 325; 'The good of society and the preservation of rights and good order require that when once the rights of the parties have been determined by the ultimate tribunal provided by law for their adjudication, the same should pass from the field of strife forever. Any other rule would fill the court with causes which have once been determined, and render all rights of property uncertain and the most solemn judgments a mockery.' *Montgomery v. Huff* (Tex.Civ.App.) 11 S.W.2d 237; *Davis v. Cox* (Tex.Civ.App.) 4 S.W.2d 1008. The judgment of the federal court being final, is as conclusive of questions of law as upon questions of fact. *Long v. Martin* (Tex.Civ.App.) 260 S.W. 327; *Cotton v. Rhea,* 106 Tex. 220, 163 S.W. 2. If the federal court judgment was erroneously entered, it is a judicial error which can

not be corrected through a collateral attack upon the judgment in this action. *Pring v. Pratt* (Tex.Civ.App.) 1 S.W.2d 441; *Perkins v. Dunlavy,* 61 Tex. 241; *Mansel v. Castles,* 93 Tex. 414, 55 S.W. 559; *Montgomery v. Huff,* supra, and authorities cited.

Thus, when the Bank sued in Texas and attached to its pleadings and motion for summary judgment copies of the judgments and opinions of the federal court litigation, it established a right to the summary judgment as granted by the trial Court. Points of Error Nos. 1 and 3 are overruled.

■ The Appellant further asserts in points of error 2 and 4 that the Bank cannot now recover because it was required under the compulsory counterclaim rule to assert any claim it had on the note in the original suit filed in Ector County in 1970. As noted earlier, that suit was never dismissed, and in January, 1978, the suit filed in May, 1977 was consolidated with the suit filed in 1970 and thus the Bank's cross-action upon which it has now obtained relief was and is a pleading in the 1970 case. In effect, the cross-action ultimately became a counterclaim in the first suit which was never dismissed but later consolidated with the 1977 suit. Points of Error Nos. 2 and 4 are overruled. The judgment of the trial Court is in all things affirmed.