Washmon 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-551-CV





GARY WOJCIK AND TIM WASHMON,



 APPELLANTS


vs.





JOHN COOKE,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 91-3436, HONORABLE PETE LOWRY, JUDGE PRESIDING



 





 John Cooke ("Cooke") brought this declaratory judgment suit against Gary Wojcik
and Tim Washmon ("appellants") to quiet title to real property and to void appellants' lien against
Cooke's property. Appellants counterclaimed, seeking a declaratory judgment recognizing their
lien right to foreclose against Cooke's property. Following a bench trial, the district court
rendered judgment granting Cooke legal title to the property in fee simple. The district court
denied appellants the right to foreclose under the deed of trust as security for the note, but held
that appellants were entitled to recover against Cooke on the note and awarded appellants limited
attorney's fees.

 Appellants appeal from that part of the judgment declaring that Cooke was entitled
to legal title to the property in fee simple and denying appellants the right to foreclose. Appellants
also appeal from the limited award of attorney's fees. We will reverse the district court's
declaratory judgment granting Cooke legal title to the property in fee simple and denying
appellants the right to foreclose under the deed of trust. We will affirm the remainder of the
judgment.



BACKGROUND


 The Internal Revenue Service ("IRS") seized Cooke's property for federal income
tax deficiencies. On September 5, 1990, the IRS held an auction at which appellants were the
high bidders for Cooke's property. The IRS issued a Certificate of Sale of Seized Property to the
appellants. Under the terms of the certificate of sale, Cooke was given 180 days after the sale to
redeem the property; if Cooke failed to redeem the property in that time, appellants could
surrender the certificate of sale to the IRS in exchange for a deed to the property.

 Shortly after the IRS auction, the bank that held Cooke's promissory note and the
deed of trust on the property contacted appellants and offered to sell the note to appellants. (1) 
Appellants purchased the note and thereby acquired the deed of trust to the property. Appellants
then paid off the accumulated property tax arrearages and gave Cooke notice of acceleration of
the note.

 On the 180th day, March 4, 1991, Cooke tendered the IRS sale redemption funds
to appellants. Appellants called the IRS to verify if the tender was made within the redemption
period. After the IRS told appellants that the tender was a day late, appellants returned Cooke's
tender. The IRS then issued appellants a quitclaim deed to the property, which appellants filed
in the Travis County deed records.

 On March 7, 1991, Cooke filed suit to quiet title to the property. Within a week,
appellants filed an answer and a counterclaim for foreclosure under the deed of trust. Shortly
thereafter, the IRS informed appellants that, contrary to its earlier advice, Cooke's tender had
been timely filed. (2) On March 27, appellants notified Cooke that they would accept the redemption
tender. In return, appellants gave Cooke a "special warranty deed" to the property, dated April
1st, that conveyed from appellants to Cooke any interest in the property that appellants had
acquired through the quitclaim deed executed by the IRS.

 Cooke then filed a supplemental petition, seeking a declaratory judgment that
appellants' rights under the deed of trust had been extinguished and that the note held by
appellants was void as a matter of law through the doctrine of merger.

 After a bench trial, the district court found that the doctrine of merger extinguished
appellants' right to foreclose against the deed of trust as security for the note. The district court
rendered judgment granting Cooke legal title to the property in fee simple and denied appellants
the right to foreclose against the deed of trust as security for the note. However, the district court
also rendered judgment that appellants were entitled to recover against Cooke on the note, and
awarded them limited recovery of attorney's fees. Appellants complain of the denial of their right
to foreclose under the deed of trust and the limited award of attorney's fees.



DISCUSSION


 In their first point of error, appellants contend that the trial court's holding that the
doctrine of merger extinguished appellants' equitable title rights is in error because no merger can
occur where there is an impediment to taking title. Here, appellants argue that such an
impediment prevented the conveyance of title and precluded the application of the doctrine of
merger. We agree.

 By definition, there can be no merger where the equitable and legal estates rest with
different parties. An essential element of the doctrine of merger is that both estates must unite
in the same owner. Flag-Redfern Oil Co. v. Humble Exploration Co., Inc., 744 S.W.2d 6, 9
(Tex. 1987). "There must be two valid estates existing in the same right in the same party before
the law will effect a merger, and, if one is void, the rule does not apply." Huselby v. Allison, 25
S.W.2d 1108, 1112 (Tex. Civ. App.--Amarillo 1930, writ dism'd w.o.j.). The two estates in
question here are the legal and equitable estates in the Cooke property. When Cooke purchased
the property in 1972, he secured the note with a deed of trust to the property. Cooke thus took
legal title to the property and the note-holder acquired the equitable title. When the appellants
bought Cooke's note from the bank, they acquired equitable title to the property. When appellants
bid on the property at the IRS auction, they bought only an opportunity to acquire the legal title--an
opportunity that would ripen only if and when the IRS acquired and properly conveyed full legal
title. The evidence is undisputed that the IRS could convey no title before the expiration of the
180-day period. It is further undisputed that the IRS's attempt to convey the property before the
expiration of the 180-day period was mistaken. Because Cooke tendered his redemption funds
in time, the IRS never acquired full legal title to Cooke's property. Therefore, the IRS could not
convey legal title to appellants. Cooke's tender of the redemption funds constituted an
impediment to the IRS acquiring or conveying the title to Cooke's property. Consequently,
appellants never owned both the legal and equitable estates and, as a matter of law, no merger
could have occurred.

 Cooke further contends that the appellants' execution of a "special warranty deed"
to him constituted a fee simple conveyance. We disagree. After Cooke's redemption tender was
accepted, Cooke was concerned that the quitclaim from the IRS to appellants clouded his title. 
Appellants, therefore, obliged Cooke and transferred to him such interest as the IRS had conveyed
to appellants. The face of the special warranty deed explicitly "conveys that interest in the
described property acquired through that certain QuitClaim Deed to the Grantor, executed by the
. . . Internal Revenue Service . . . ." (emphasis added). The special warranty deed indicates
nothing more or less than a conveyance by the appellants of any interest acquired from the IRS. 
As we have concluded that the IRS did not acquire full legal title and the IRS had nothing to
convey to appellants, the appellants could not convey a fee simple title to Cooke by special
warranty deed. (3) Because no full legal title ever passed from the IRS to appellants, no merger
occurred and appellants' quitclaim to Cooke did not pass fee simple title. Accordingly,
appellants' first point of error is sustained.

 Appellants' second and third points of error concern the admissibility of
parol evidence to determine whether a merger occurred and to construe the quitclaim and special
warranty deeds. Our conclusion that the trial court erred on the merger issue comes from
examining the evidence within the four corners of the quitclaim and special warranty deeds. 
Therefore, we need not reach the parol evidence issues raised by points of error two and three.

 In their fourth point of error, appellants contend that the trial court abused its
discretion in limiting the award of attorney's fees. We disagree. The note on Cooke's property,
held by appellants, provides that if "said note is placed in the hands of an attorney for collection
or is collected through . . . legal proceedings, the makers agree to pay, as attorneys fees, an
additional amount equal to ten per centum (10%) of the amount then owing on said note." In
addition to the ten percent, appellants requested "reasonable fees" pursuant to the declaratory
judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1986). The trial court clearly
did not abuse its discretion in limiting its award of attorney's fees to the contractual ten percent
provision. 

 Attorney's fee awards pursuant to the Declaratory Judgment Act are entirely
discretionary and will not be overturned absent a clear showing that the trial court abused its
discretion. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1986); Oake v. Collin County,
692 S.W.2d 454, 455 (Tex. 1985). Appellants urge this Court to hold that the reasonableness of
the fees requested overrides the contractual language of the note but make no showing that the trial
court abused its discretion in limiting the fees awarded to the contractual provision. Nor does a
review of the record show an abuse of discretion. Accordingly, appellants' fourth point of error
is overruled.

 In their fifth point of error, appellants contend that the district court erred in
entering findings of fact and conclusions of law after the expiration of the time period permitted
under Rule 297 of the Texas Rules of Civil Procedure, and after signing a bill of exceptions that
no findings of fact or conclusions of law had been timely filed. "[T]he trial court's duty to file
findings of fact and conclusions of law is mandatory, [and] the failure to respond when all
requests have been properly made is presumed harmful, unless the record before the appellate
court affirmatively shows that the complaining party has suffered no injury." Cherne Indus., Inc.
v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). Since the district court did enter the findings
of fact and conclusions of law before we considered the case on appeal and the appellants suffered
no harm on appeal as a result of the late filing by the district court, appellants' fifth point of error
is overruled.



CONCLUSION


 We reverse the judgment of the district court with regard to the title to the property
and render judgment that appellants may pursue their right to foreclose against the deed of trust
as security for the note. The remainder of the judgment is affirmed. 



 

 Mack Kidd, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed in Part; Reversed and Rendered in Part

Filed: August 11, 1993

[Do Not Publish]

1.   The original note was executed in 1972 when Cooke purchased the property from Nettie
Kueneke. Cooke made a down payment on the property and gave Kueneke an installment
note for the balance, with the deed of trust as security. In 1990, Frost National Bank of San
Antonio, as successor to Kueneke and trustee of the Kueneke estate, entered into a
"Modification, Renewal, and Reinstatement of Real Estate Note and Lien" with Cooke.
2.   The record is unclear as to whether the IRS's miscalculation of days occurred because
the 180th day after the IRS auction fell on a Sunday or because the IRS initially counted the
day of the sale, rather than the day after, as the first day of the 180-day period. In any
event, Cooke made his tender of redemption funds on Monday, March 4, 1991, and the IRS
misinformed appellants that the tender was untimely. 
3. Although entitled "special warranty deed," the document in question is really
a quitclaim deed. A conveyance instrument is a quitclaim rather than a special warranty
deed when the document refers to the estate or title sold and not to the land itself. Harrison
v. Boring, 44 Tex. 255, 263 (1875). It is well established in Texas that a quitclaim "purports to
convey . . . no more than a present interest of the grantor; and does not operate to pass an interest
such as may afterwards vest." Rodgers v. Burchard, 34 Tex. 441, 452 (1870); see Taylor v.
Harrison, 47 Tex. 454, 461 (1877) (limiting the holding of Rodgers to quitclaim conveyances). 
In Rodgers, the Texas Supreme Court held that a purchaser at a judicial sale takes only such
interest as the debtor actually had. Id. at 453. In this case, the IRS seized Cooke's property and
placed a lien against Cooke's property for payment of back taxes. The lien could mature into title
to the property only if Cooke failed to redeem the property within 180 days after the sale. See
26 U.S.C.A. § 6337(b) (1989). Since Cooke's tendered redemption of funds was timely made,
the IRS acquired no title to the property.